COBB, Chief Judge.
The defendant, Daniel Bryan Bowling, filed a 3.850 motion below to correct his sentences in two cases (No. 80-3276 for grand theft and No. 80-3746 for robbery) so that they run concurrently. The basis asserted in his motion for relief is that it was “stipulated” that the robbery sentence of fifteen years was to run concurrently with the previously imposed theft sentence of four years.
The trial court denied the motion on the basis that “Florida Statutes 921.16 ... provided that sentences for offenses not charged in the same indictment, information or affidavit shall be served consecutively unless the Court (otherwise) directs.” The trial court’s order correctly states the law, but did not address the pertinent allegation that the fifteen-year sentence was “stipulated” to run concurrently, even though the written sentence did not reflect that directive.
The transcript of the sentencing hearing supports the movant/appellant. The sentencing judge verbally stated that the robbery sentence was to run concurrently with the previous grand theft sentence. The state concedes error, citing Mays v. State, 349 So.2d 792 (Fla. 2d DCA 1977). Accordingly, we reverse and remand for correction of the sentence in Case No. 80-3746 to show that it shall run concurrently with the sentence in Case No. 80-3276.
REVERSED and REMANDED.
DAUKSCH and ORFINGER, JJ., concur.