475 So.2d 255 (1985)
STATE of Florida, Appellant,
v.
Rose Mae BENTLEY, Appellee.
Nos. 84-1391, 84-1392.
District Court of Appeal of Florida, Fifth District.
August 1, 1985.
Rehearing Denied September 6, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a downward departure from a guideline sentence.
The reasons given for the departure were that "Defendant is under a seven year sentence for similar crimes; defendant's age, education and remorsefulness; defendant's good attitude and cooperation; also is eight months' pregnant."
The reasons given are not sufficient to allow a departure. As to the first  that appellant is already under a seven year sentence  that is a ground for aggravation not mitigation. As to appellant's age  she was a twenty-two year old robber. The trial judge did not say whether he considered that young for a robber or old for a robber. In our experience it is probably in the upper median range. Most robbers seem to range from fourteen to twenty-five or thirty. We have no idea what the judge meant by "education." Too much? Too little? Wrong kind? We do not have a pre-sentence report to review but suggest education should have little bearing on a sentence for a robber. Remorsefulness is *256 an appropriate, albeit quite easily feigned, consideration. The record reveals no support for the finding of cooperation. Pregnancy has no bearing here because the appellant is already under a seven year sentence.
We note that the sentencing guideline scoresheet gives appellant 232 points. That number is grossly excessive and upon resentencing the trial judge should recompute the score. When that occurs appellant will likely be entitled to the same sentence she got originally. All of which demonstrates that a little more attention to proper procedure and legal requirements at the trial level in the first place would have prevented the entire expensive appellate procedure.
REVERSED and REMANDED.
ORFINGER, J., and KIRKWOOD, L.R., Associate Judge, concur.