MILLS, Judge.
Merchant appeals from his conviction for aggravated battery with a firearm. He contends the trial court erred in refusing to allow him to testify regarding a prior violent act by the victim, refusing to instruct the jury pursuant to his requested instructions, and imposing a sentence based upon an incorrect sentencing guidelines score-sheet. We affirm.
Guy Arthur, the victim in this case, testified that he went to visit his girlfriend, Linda Cowen, and upon entering her house noticed smoke inside. He looked out the window and saw grass burning along the fence which separated the yards of Ms. Cowen and Merchant. He then proceeded to extinguish the fire with a garden hose, *332 at which point Merchant appeared from his house yelling at him to leave the fire alone. Merchant then went into his house, returned with a gun and shot him in the chest without warning at a distance of ten feet.
In his defense, Merchant testified that he returned to his house for matches and when he knelt to rekindle the fire Arthur came towards him, attempting to swing the hose in his direction.
Through proffer, Merchant stated he was afraid of the victim because he had earlier learned Arthur had spit towards two of his female neighbors three to four weeks prior to the shooting. This statement was offered to prove his state of mind and as evidence of a prior violent act on the part of Arthur. The trial court ruled against the proffered testimony holding that it would not show the violent nature of the victim.
At the charge conference, Merchant requested the jury be instructed that he was justified in using deadly force to prevent an aggravated assault or aggravated battery upon him with a garden hose. The court denied the request. Merchant also requested an instruction on defense of home and no duty to retreat which was denied.
It is well established that a trial court has wide discretion in areas concerning admission of evidence, and, unless an abuse of discretion can be shown, its rulings should not be disturbed on- appeal. Welty v. State, 402 So.2d 1159 (Fla.1981). In this case, no abuse has been demonstrated.
In order for evidence of a prior violent act by a victim to be introduced, a proper predicate must be laid by showing some overt act at or about the time of the shooting which would reasonably indicate a need for action by the defendant. Hager v. State, 439 So.2d 996 (Fla. 4th DCA 1983). The only alleged threatening act committed by the victim was that of reaching over a fence with a garden hose. It cannot be said this action reasonably suggested a need for self-defense. See, Williams v. State, 252 So.2d 243 (Fla. 4th DCA 1971).
Merchant’s requested instruction pertaining to use of deadly force to repel an aggravated assault or aggravated battery is inapplicable given the facts of this case. Where the instrument used is not a firearm as statutorily defined, Florida courts apply an objective test, and look to the nature and actual use of the instrument and not to the subjective fear of the victim or intent of the perpetrator in determining whether the instrument is a deadly weapon for purposes of the aggravated assault statute. M.R.R. v. State, 411 So.2d 983 (Fla. 3d DCA 1982). Applying an objective test, we find the garden hose as used by the victim in this case did not constitute use of a deadly weapon.
Regarding the second requested instruction, it is well established that a man violently assaulted in his home or on his premises has no duty to retreat, but may stand his ground and use such force as may appear to him as a cautious and prudent man to be reasonably necessary. Redondo v. State, 380 So.2d 1107, 1110 (Fla. 3rd DCA 1980). However, in the present case, the record does not establish a violent assault by the victim. Moreover, the fact that Merchant did retreat to his home and then chose to reinstigate the situation makes the nonduty to retreat instruction even more inapplicable.
With respect to Merchant’s final argument that his sentence as rendered should be vacated because based upon an erroneous scoresheet, the contemporaneous objection rule applies to bar review of this issue in light of Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985).
AFFIRMED.
BOOTH, C.J., and JOANOS, J., concur.