481 So.2d 1263 (1986)
The STATE of Florida, Appellant,
v.
Tommy L. HOLCOMB, Appellee.
No. 84-2325.
District Court of Appeal of Florida, Third District.
January 14, 1986.
Rehearing Denied February 18, 1986.
*1264 Jim Smith, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
The order placing the defendant Tommy L. Holcomb on probation, with a special condition of 364 days confinement in jail, for the crime of armed robbery is reversed and the cause is remanded to the trial court with directions to resentence the said defendant. We reach this conclusion based on the following, briefly stated legal analysis.
First, the said order constitutes a departure from the sentencing guidelines established by Fla.R.Crim.P. 3.701, because the guidelines scoresheet prepared in the cause called for a prison sentence of 3 1/2-4 1/2 years. Second, the trial court relied on three reasons for departing from the guidelines in the defendant's favor, only two of which constitute clear and convincing reasons for doing so: (a) the defendant acted under duress from a co-defendant in the commission of the instant offense, and (b) the defendant Holcomb did not carry the gun used to commit the instant offense. See State v. Carson, 320 N.W.2d 432, 438 (Minn. 1982). Third, the trial court's last reason for departing from the sentencing guidelines was entirely invalid  to wit: the defendant's lack of a prior criminal record  inasmuch as this reason is already factored into the sentencing guidelines presumptive sentence. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Fourth, the defendant Holcomb has failed to establish beyond a reasonable doubt that the invalid reason, stated above, did not affect the decision to (a) depart from the sentencing guidelines and (b) place the defendant on probation, rather than impose a below-the-guidelines jail or prison sentence, and accordingly the probation order under review must be reversed. See Albritton v. State, 476 So.2d 158 (Fla. 1985).
Reversed and remanded.