482 So.2d 388 (1985)
STATE of Florida, Appellant,
v.
Stanley J. COLLINS, Appellee.
No. 85-275.
District Court of Appeal of Florida, Fifth District.
October 10, 1985.
On Motion for Rehearing January 30, 1986.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence in an attempted robbery case. The state urges and we agree the trial judge erred in departing from the recommended guideline sentence.
Due to his past record, the severity of the crime, and the other factors scored on the sentencing guideline scoresheet, appellee was scored a total of 128 points. The recommended sentence under the guidelines calls for imprisonment for five and one-half to seven years. In order for the trial judge to depart from that sentence he must set out in writing proper clear and convincing reasons for doing so. This is so *389 whether it is an upward departure or a downward one. In the transcript the judge said he was sentencing appellee to thirty months because:
THE COURT: In light of his young age and in light of the spirit of cooperation, he's demonstrated in that he has conformed and admitted what he has done, has expressed without pleaing for mercy. He hasn't said much here today, he's apparently willing and ready to take whatever I can give. He stood willing to take this punishment and has demonstrated to me that he's ready to pay his price.
BY MR. CONNELLY: I don't feel it would be appropriate to incarcerate him any longer than 30 months for that time.
In the scoresheet under "Reasons for departure" it is typed:
Defendant is 23 years of age and has never been sentenced to State Prison before. He admits fully his guilt; is willing to suffer the consequences for his action and pay his debt to society. Minimal force was used and no injury resulted.
We deem those reasons to be legally insufficient. As we said in State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985), we do not consider twenty-three years of age to be a young age for a robber. That is not a clear and convincing reason for departure. No cooperation in the sense of assistance in solving crimes, etc., is shown in the record. Merely pleading guilty is not sufficient cooperation for a departure, nor is admitting guilt. An expressed or indicated willingness to accept punishment and "pay the debt to society" are perhaps some kind of attributes but not clear and convincing reasons to reduce punishment. A robber does not really owe any debt to society and a prison sentence is a burden to "society" in the form of higher taxes, but a benefit to free persons because the robber is caged away. The fact that this robber had never been sentenced to prison before is a compelling reason to do so now. He has been previously convicted of at least one second degree felony, one third degree felony and more than four misdemeanors. To say his sentence is reduced on this account may be an expression that a little prison may finally cure this criminal and a lot would be of no greater benefit. But we cannot affirm that reason as being sufficient to allow a departure, especially here where this individual is probably entitled to enhancement rather than reduction. Lastly, the minimal force and lack of injury was specifically scored on the scoresheet and thus not a proper consideration for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
The sentence is reversed and this cause remanded for resentencing within the guidelines.
REVERSED and REMANDED.
UPCHURCH and COWART, JJ., concur.

ON MOTION FOR REHEARING
DAUKSCH, Judge.
After the issuance of our opinion, (See page 388), appellee sought a rehearing and asked for permission to supplement the record on appeal in order to point out that this court did not have the full story at first. Upon receipt of the supplemental record on appeal we are convinced that appellee is correct.
Because of the incomplete transcript of the sentencing hearing this court was unaware that the state attorney had agreed to a downward departure. Even though we do not encourage sentence bargaining this factor changes the entire picture. Geter v. State, 473 So.2d 31 (Fla. 1st DCA 1985) (plea agreement is proper predicate for disregarding general guidelines restriction); Scott v. State, 465 So.2d 1359 (Fla. 5th DCA 1985) (departure from guidelines based on prior plea agreement was proper); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984) (departure from guidelines clearly warranted when there is plea bargain which specifies permissible sentence); Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984) (negotiated plea is clear and sufficient reason for departure) rev. den., 459 So.2d 1041 *390 (Fla. 1984). The state attorney agreed that a downward departure was in order and urged the court that thirty-six months imprisonment was appropriate. He said "We respectfully submit to you that the least amount would be thirty-six months." The defense attorney suggested a term of eighteen to twenty-four months was appropriate. There was more discussion about how much time appellee would actually serve and the judge then struck a middle bargain and gave a thirty month sentence.
In order to justify his downward departure the judge inquired of the attorneys and received the following response from the state attorney:
... what reason would I have to deviate from the guidelines, any objection by the State?
ASSISTANT STATE ATOTRNEY: I guess his willingness to come in and admit the plea freely and to start his sentence. When he went into the jail to start his sentence up until that last arrest, he was at liberty.
There is no question but that the state agreed to a downward departure. Once that agreement was made then it was within the trial judge's sound discretion to what extent he would depart; that discretion was not abused, so we withdraw our reversal and now affirm the sentence, because of the agreement by the state. However, we stand by the holding in our first opinion that the grounds mentioned by the trial judge are not a proper basis for the departure.
As it turns out, the quote in the first opinion
THE COURT: In light of his young age and in light of the spirit of cooperation, he's demonstrated in that he has conformed and admitted what he has done, has expressed without pleaing for mercy. He hasn't said much here today, he's apparently willing and ready to take whatever I can give. He stood willing to take this punishment and has demonstrated to me that he's ready to pay his price.
BY MR. CONNELLY: I don't feel it would be appropriate to incarcerate him any longer than 30 months for that time.
is not an accurate quote from the record. The first "record" received by this court, which is an alleged copy of the lower court transcript does not conform to the court reporter's certified copy received in the supplemental record on appeal. The attorneys for appellant are admonished to provide the court with a complete and accurate record in all cases it appeals. Although the attorney general says the state attorney was responsible for the record on appeal in this case, we suggest that hereafter the appellant's attorney be sure of the completeness and accuracy of the record on appeal. We require that of other appellants and see no reason to exempt the state.
The sentence is AFFIRMED.
COWART, J., concurs.
UPCHURCH, J., dissents with opinion.
UPCHURCH, Judge, dissenting.
I respectfully dissent. When this case was first before us, no reasons for the court's downward departure sentence appeared in the record. In the motion for rehearing, the defendant alleged that the state had agreed to a downward departure as part of the plea negotiations and to secure his co-operation. The defendant moved to supplement the record with portions of the sentencing colloquy which had not been submitted with the record on appeal.
This supplement clearly reveals that the state agreed to a downward departure, so long as the minimum sentence imposed would be at least thirty-six months. The defendant asked that the court consider a maximum of eighteen to twenty-four months. The court imposed a sentence of thirty months.
As discussed in the original opinion, the court had no clear and convincing reasons, absent the state's agreement, for the downward departure. The state repeatedly objected *391 to any departure downward to a level less than thirty-six months. Therefore, I conclude that we were incorrect in finding the downward departure totally improper. The sentence should be amended to a departure sentence of thirty-six months, the state's agreement being a clear and convincing reason.