482 So.2d 578 (1986)
STATE of Florida, Appellant,
v.
Richard TAYLOR, Appellee.
No. 85-1074.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
*579 Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
The State appeals a downward departure sentence following defendant's plea of nolo contendere to a charge of sexual battery of his 13 year old daughter. We agree that no clear and convincing reasons were given for departure, and vacate the sentence.
We will not detail the sordid events which ultimately led to this prosecution. What we have said above about the nature of the crime sufficiently describes it for the purposes of this opinion. The recommended guideline sentence was 30 months to 3 1/2 years' imprisonment, but the trial judge departed and sentenced defendant to 51 weeks in the county jail to be followed by 5 years' probation. The written reasons for departure given were:
1. The defendant had no prior offenses.
2. The defendant cooperated with all court orders, appearances and therapy.
3. The defendant had a stable environment.
4. To follow the guidelines would sever defendant's ties with the community.
5. To follow the guidelines would make it difficult for the defendant to regain employment with his limited education.
The first ground is not a proper basis for departure because a defendant's prior record (or lack of one) is already factored into the guideline calculation. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The second ground, cooperation and compliance with court orders, does not justify a reward because a defendant is required to comply and his failure to appear when required could be a crime. Cooperation is not a basis for departure. State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985), rehearing granted, (Fla. 5th DCA Jan. 30, 1986). Thus, this reason too, like the first reason refers to his "good record" which is not a reason for departure. See also State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985).
In addition to the failure of the third reason to be a clear and convincing reason for departure, it is obviously not supported by the record. Any person who sexually abuses his 13 year old daughter obviously lacks stability in his environment. The fourth reason cited for departure is also not clear and convincing, as it has already been factored into the guidelines calculations when imprisonment is recommended by the guidelines. A natural consequence of any sentence of imprisonment is the severance of the defendant's ties with his community. Similarly, the fifth reason does not justify a departure. If education (or lack of it) should have little bearing on a sentence for a robber, Bentley, 475 So.2d at 255, it hardly seems likely that it should be given more consideration in sentencing one convicted for sexual battery. Inasmuch as the last reason given seems to express the view that the defendant would be better off with the lower sentence, that view cannot be a valid reason for departure where a guideline sentence of incarceration is required. See State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985).
The sentence is vacated and the cause is remanded for resentencing in accordance *580 with the guidelines absent clear and convincing reasons for departure.
SENTENCE VACATED and REMANDED.
COWART, J. and SCHWARTZ, A.R., Associate Judge, concur.