490 So.2d 1040 (1986)
STATE of Florida, Appellant,
v.
Randy SCHOFF, Appellee.
No. 85-2501.
District Court of Appeal of Florida, Second District.
June 27, 1986.
*1041 Frank Schaub, State Atty., and Andrew W. Lindsey, Asst. State Atty., Bradenton, for appellant.
Mark Lipinski of Law Offices of Jerome Pratt, Palmetto, for appellee.
PER CURIAM.
The state appeals a downward departure sentence.
Citing the defendant's lack of a prior record as one of his reasons for departure, the trial judge placed the defendant on two years of community control. The guidelines recommended range was two and one-half to three and one-half years imprisonment.
The trial judge gave a number of additional reasons for the downward departure, some of which are questionable. However, we are convinced that the trial judge would have imposed the same sentence even in the absence of the invalid reasons. Therefore, applying the standard of review required by Albritton v. State, 476 So.2d 158 (Fla. 1985), and State v. Young, 476 So.2d 161 (Fla. 1985), we affirm. We write only to express our view that consideration of a defendant's lack of a prior record as a reason for downward departure is not foreclosed by the opinions of our supreme court in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), and State v. Mischler, 488 So.2d 523 (Fla. 1986), or by this court's opinions in Young v. State, 489 So.2d 199 (Fla. 2d DCA 1986); Middleton v. State, 489 So.2d 201 (Fla. 2d DCA 1986); and McCray v. State, 488 So.2d 912 (Fla. 2d DCA 1986). But see State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986); State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986); State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985). See also State v. Twelves, 463 So.2d 493 (Fla. 2d DCA 1985).
Affirmed.
DANAHY, A.C.J., and CAMPBELL and LEHAN, JJ., concur.