PER CURIAM.
The state appeals the trial court’s downward departure from the presumptive guidelines sentence. We affirm.
Following defendant Howard M. Sachs’ plea of nolo contendere, the trial court adjudicated him guilty of two counts of DWI manslaughter. Although the guidelines scoresheet indicated a presumptive sentencing range of three to seven years imprisonment, the trial court placed defendant on community control for a period of four years. The trial court provided four written reasons in support of this downward departure. The state’s timely notice of appeal followed.
Only one of the trial court’s written reasons for departure was valid, i.e., that de *709 fendant lacked any prior criminal record. State v. Schoff, 490 So.2d 1040 (Fla. 2d DCA 1986). We are convinced, however, that the trial court would have imposed the same penalty absent consideration of the invalid reasons. See Albritton v. State, 476 So.2d 158 (Fla.1985).
We, accordingly, affirm the trial court’s judgment placing defendant on community control. In holding that a trial court may base a downward departure from the sentencing guidelines upon a defendant’s lack of a prior criminal record, we recognize conflict with decisions of our sister courts. See State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986); State v. Sanders, No. 85-2149 (Fla. 4th DCA Aug. 13,1986) [11 FLW 1783]; State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986).
Affirmed.
CAMPBELL, A.C.J., and SCHOONOVER and FRANK, JJ., concur.