509 So.2d 1101 (1987)
Jack Wilson MERCHANT, Petitioner,
v.
STATE of Florida, Respondent.
No. 67857.
Supreme Court of Florida.
July 9, 1987.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
EHRLICH, Justice.
We have for our review Merchant v. State, 476 So.2d 331 (Fla. 1st DCA 1985), which conflicts with this Court's decision in State v. Whitfield, 487 So.2d 1045 (Fla. 1986). We have jurisdiction, article V, section 3(b)(3), Florida Constitution.
Merchant raises three issues here. The first two concern alleged errors by the trial court occurring during Merchant's trial for attempted first-degree murder. We approve the district court's decision on these issues, 476 So.2d at 332, and agree with its affirmance of Merchant's conviction for aggravated battery.
The third issue presented is the basis for our conflict jurisdiction. Merchant alleged before the district court that his sentence should be vacated because he was sentenced under an incorrectly computed guidelines score sheet. The district court, relying on its decision in Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985), held that the contemporaneous objection rule barred appellate review of this issue. 476 So.2d at 332.
We approved the district court's decision in Dailey v. State, 488 So.2d 532 (Fla. 1986), wherein we held that alleged errors in a guidelines score sheet could not be raised for the first time on appeal when the error was based on underlying and unresolved factual matters which were not determinable from the record. Id. at 533. We also *1102 pointed out that such sentencing errors could be raised for the first time on appeal "if the errors are apparent from the four corners of the record," id., and noted that our decision in State v. Whitfield involved a sentencing error which was apparent from the record. 488 So.2d at 534.
The issue raised by Merchant here is controlled by our decision in Whitfield because first, the alleged error does appear in the record and second, the error did in fact result in a departure from the presumptive guidelines sentence.[1] On Merchant's category 4 guidelines score sheet his prior conviction for second-degree murder (which does appear in the record) was erroneously classified as a life felony and Merchant was thus assessed fifty points for this prior conviction. Merchant correctly points out that second-degree murder is not a life felony, but is instead a first-degree felony punishable by life, section 782.04(2), Florida Statutes (1985). If properly scored, therefore, Merchant should have received forty points for the prior conviction instead of fifty points.
Merchant's erroneous score sheet yielded a total of 233 points for a recommended guidelines range of 7-9 years incarceration; Merchant was sentenced to nine years. Subtracting the erroneously assessed additional ten points yields a point total of 223 points for a recommended guidelines range of 5 1/2-7 years incarceration. See Fla.R.Crim.P. 3.988. Thus, this error satisfies the second component established in Whitfield: Merchant's sentencing error has resulted in a de facto departure from the guidelines without the mandatory written, clear and convincing reasons for departure. See Whitfield, 487 So.2d at 1047.
We also find our observation in Whitfield is worthy of repetition here:
It is clear that all parties contributed by commission or omission to the error and that this error was easily preventable and correctable at the trial court level... . We emphasize that we place an equal responsibility for correction of such errors on the prosecutor as on the defense counsel. This is particularly true where, as here, the prosecutor, as an officer of the court, prepared and submitted the erroneous score sheet which caused the error. Neither counsel served the trial court well.
487 So.2d at 1047.
Accordingly, we approve the decision of the district court affirming Merchant's conviction for aggravated battery. We quash that portion of the district court's decision affirming Merchant's sentence and remand to the district court with directions to remand to the trial court for resentencing.[2]
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] In Whitfield, we held: "Sentencing errors which do not produce an illegal sentence or an unauthorized departure from the sentencing guidelines still require a contemporaneous objection if they are to be preserved for appeal." 487 So.2d at 1046.
[2] We express no opinion on the appropriate sentence which should be imposed in this case. We point out only that a departure sentence must be supported by written, clear and convincing reasons. See Chaplin v. State, 488 So.2d 555 (Fla. 1st DCA), review denied, 494 So.2d 1150 (Fla. 1986).