526 So.2d 48 (1988)
STATE of Florida, Petitioner,
v.
Howard Mark SACHS, Respondent.
No. 70670.
Supreme Court of Florida.
May 26, 1988.
*49 Robert A. Butterworth, Atty. Gen. and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for petitioner.
Bruce Rogow, Fort Lauderdale, and Lloyd C. Mosley, of Mosley and Evans, P.A., Clearwater, for respondent.
BARKETT, Justice.
We have for review State v. Sachs, 507 So.2d 708 (Fla. 2d DCA 1987), based on certified conflict with State v. Sanders, 512 So.2d 204 (Fla. 4th DCA 1986), aff'd in pertinent part, 510 So.2d 296 (Fla. 1987), State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986), and State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision of the Second District and remand for further proceedings.
While operating a motor vehicle, respondent collided with another vehicle on the Courtney Campbell Causeway in Pinellas County. The driver of the second car then left his vehicle, but noticed that his passenger, Kenneth Hill, was mumbling and groaning. A short while later, a pedestrian named Todd Rosenbaum attempted to assist Hill. A third vehicle, however, struck the second car in the passenger side, killing Rosenbaum instantly. This occurred even though several other vehicles successfully had maneuvered around the accident. Hill later was found dead by paramedics. Upon examination, medical examiners were unable to determine whether Hill had died during the initial or subsequent collision.
The drivers of all three vehicles tested positive for blood alcohol in varying degrees, although respondent's was the highest. In two tests, respondent showed a blood alcohol level of.173 and .160, respectively. In Florida, a driver is presumptively intoxicated if his or her blood alcohol exceeds.100. § 316.1934, Fla. Stat. (1985).
Respondent subsequently was charged by information with two counts of manslaughter caused by an intoxicated driver, see § 316.1931(2), Fla. Stat., and two counts of manslaughter caused by culpable negligence. See § 782.07, Fla. Stat. None of the other drivers were charged. On March 10, 1986, respondent pled no contest to the first two charges, was adjudicated guilty, and was sentenced to four years of community control. Respondent also was ordered to make restitution, perform community service work, pay an assessment of $2,000 to the Crimes Compensation Fund, and refrain from consuming any alcoholic beverages during the term of his community control.
This sentence constituted a downward departure from the guidelines recommendation of three to seven years incarceration. As reasons for this departure, the trial court gave the following: (1) that respondent had no prior record; (2) that the facts of the case cast considerable doubt on respondent's responsibility for the death of the two victims; (3) that respondent posed no danger to society; (4) that respondent would continue to suffer a great deal of remorse and shame; and (5) that respondent's use of alcohol was an isolated and not a customary event.
On appeal, the Second District rejected without analysis all of the reasons but the *50 first. However, as respondent concedes, this Court subsequently rejected lack of a prior record as a reason for downward departure. Sanders v. State, 510 So.2d 296, 297 (Fla. 1987). The state thus urges this Court to quash the Second District's opinion on the ground that no valid reasons for a downward departure remain, and to instruct that a guidelines sentence be imposed on remand. Although the facts of this case pose an issue distinct from that in the cases certified for conflict, we nevertheless find that the trial court should be affirmed because the reasons given validly support the departure sentence. It is settled that appellate courts should approve the result reached by a trial court if any basis for doing so appears in the record. Escarra v. Winn-Dixie Stores, Inc., 131 So.2d 483 (Fla. 1961); Choctawhatchee Electric Cooperative, Inc. v. Green, 132 So.2d 556 (Fla. 1961), cert. denied, 369 U.S. 829, 82 S.Ct. 844, 7 L.Ed.2d 794 (1962).
We previously have stated that the trial court lacks discretion to depart based on factors already taken into account by the guidelines. State v. Mischler, 488 So.2d 523, 525 (Fla. 1986), clarified sub nom. State v. Rousseau, 509 So.2d 281 (Fla. 1987). Such a departure obviously would usurp the legislative policy expressed in the guidelines themselves. Thus, in Sanders we rejected lack of a prior record because the guidelines manifestly take this factor into account. Id. If a defendant lacks a prior record, the recommended guidelines sentence always will be less. If a defendant does have a record, the guidelines sentence always will be more. Moreover, persons within the jurisdiction of this state are expected to obey its laws. The mere lack of a prior record does not excuse a person from a portion of the penalty required by law for the violation of a criminal statute.
However, the trial court's remaining reasons, under the facts in the present case, are a different matter. We held in Vanover v. State, 498 So.2d 899, 902 (Fla. 1986), that the manner of committing the offense can be considered. In Rousseau, 509 So.2d at 284, for instance, we held that psychiatric trauma over and above that necessary to constitute an element of the crime can be considered as a reason to depart.
Accordingly, we cannot say it is improper also to consider in mitigation the manner of the commission of the crime if it has not been factored. The state does not dispute that this respondent may not have been the immediate cause of the deaths that occurred in this accident. We believe that a judge does in fact have discretion to take into account a factor such as this, especially in the context of a strict-liability criminal statute such as the DUI manslaughter law. Although respondent is held strictly accountable under this statute, the sequence of events that resulted in the deaths in this instance tends to show a lesser degree of moral culpability. The guidelines manifestly do not deal with this consideration, nor do they prohibit a judge from weighing it. If based on clear and convincing evidence, this factor thus could, and in this case does, constitute a reason for a downward departure. See Mischler, 488 So.2d at 525.
Similarly, we agree that a downward departure may be based on a finding that the defendant poses no future threat to society and that his misconduct was isolated. We noted in Whitehead v. State, 498 So.2d 863 (Fla. 1986), that evidence "which establishes beyond a reasonable doubt that the defendant poses a danger to society in the future can clearly be considered justification for a departure from the recommended sentence." Id. at 865. Obviously, evidence to the contrary can then be considered in mitigation. Such a conclusion could be established at least partially in this instance by factual evidence showing that respondent's unlawful use of alcohol at the time of the accident was an isolated incident. This factor also is not taken into account by the guidelines nor prohibited by them, and is not an element of the crime itself. See Mischler.
*51 Although constitutional considerations generally mean that lack of remorse cannot constitute a valid reason for an upward departure,[*] we conclude that clear and convincing evidence of actual remorse also may constitute a valid reason for a downward departure. Such a factor is not already figured into the guidelines nor prohibited by them, nor is it an element of the offense. Thus, where established by clear and convincing proof, this factor constitutes a valid reason for downward departure.
In this case clear and convincing evidence exists of the petitioner's remorse, his lesser degree of culpability, his nondangerousness and the isolated nature of the proscribed conduct. These factors are neither taken into account by the guidelines nor prohibited by them and are not elements of the crime itself, and thus are valid factors considered by the trial court. Mischler.
Moreover, we conclude beyond a reasonable doubt that the trial court would have imposed the departure sentence even in the absence of the invalid factor. We thus quash the decision of the district court and remand with instructions that the result reached by the trial court shall be affirmed.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[*] This especially is true where lack of remorse is inferred from a defendant's exercise of constitutionally protected rights or assertions of innocence. See Mischler, 488 So.2d at 526. This conclusion is consistent with prior case law in which we have recognized, for instance, that downward departure may be based on a codefendant's lesser sentence even though upward departure cannot be based on a codefendant's greater sentence. Sanders v. State, 510 So.2d 296, 298 (Fla. 1987).