532 So.2d 1083 (1988)
STATE of Florida Appellant,
v.
Robert Lucian WHITE, Appellee.
No. 87-2369.
District Court of Appeal of Florida, Fifth District.
August 2, 1988.
On Motion for Rehearing October 6, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellee.
PER CURIAM.
AFFIRMED.
ORFINGER, COBB and COWART, JJ., concur.
*1084 COBB, Judge.

ON MOTION FOR REHEARING
The state has moved for rehearing in regard to our affirmance of its appeal of the sentence imposed by the trial court. The appellee, Robert White, was charged with sexual battery (Count I) and lewd and lascivious assault (Count II) allegedly perpetrated in separate incidents on the same day against a ten-year old female victim. White negotiated a plea agreement with the State whereby he would plead guilty to the lewd and lascivious assault count, the state would dismiss the sexual battery count, and, then, according to the record:
The defendant will be sentenced to two-and one-half years in the Department of Corrections. Incarceration will be followed by twelve years of supervised probation. The defendant will be sentenced in the third cell of Category 2 and the parties stipulate that penetration will be scored as victim injury. The defendant will receive counseling as part of his sentence.
The trial court accepted the plea with the understanding that the stipulated sentence applied only if it comported with the guidelines; otherwise, White would be sentenced "within the guidelines." At the time of sentencing, however, the trial judge rejected both the guidelines and the negotiated agreement, which were in accord in requiring state prison time, and departed downward, placing White on community control for two years to be followed by ten years probation with payment of restitution for victim counseling. The trial court provided written reasons for departure:
Immaturity of Defendant  plus age
Situation at the time of the offense
Relationship of the parties
Attitude of victim's mother (very forgiving).
The state contends the trial court erred in departing downward from the recommended guidelines sentence without clear and convincing reasons for departure and in contravention of the sentencing agreement. The state is correct in both arguments. First, there is no record support for a finding that the defendant was immature for his age (18) at the time of the offense. See State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985); State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985). The phrase "situation at the time of the offense" is meaningless. The "relationship of the parties"  a familial relationship  in no way mitigates a sexual assault. See Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), rev. denied, 471 So.2d 44 (Fla. 1985). The "forgiving attitude" of the victim's mother is irrelevant to determination of a proper sentence.
Not one reason for the downward departure was valid. But even if they had all been valid, we would still reverse the sentence on the authority of our opinion in State v. Leija, 520 So.2d 705 (Fla. 5th DCA 1988). In that case, which is directly on point herein, we reversed a downward departure sentence entered in contravention of a plea agreement between the defendant and the state. We remanded for entry of a sentence in accordance with the agreement or, in the alternative, for a trial on all counts filed below, including the one dismissed by the state as part of the agreement, in the event the trial court found the plea agreement unacceptable. In other words, the state cannot be unilaterally bound to an agreement which the trial court refuses to enforce against the defendant.
We originally affirmed this case based upon the appellee's argument that, pursuant to the 1988 amendments to the sentencing guidelines, the trial court upon remand could now depart one cell downward without providing any written reasons. "Thus," argued the appellee, "remanding this cause for resentencing would afford the [State] no relief." Although we precipitantly accepted this argument the first time around, we now reject it as specious because of the rationale of Leija. The trial court, based upon its agreement with the defendant and with the state, cannot depart from the agreed upon sentence. If the trial court rejects the agreement, it must afford the state the option to go to *1085 trial on both counts originally filed against the defendant White.
We grant rehearing, reverse the departure sentence, and remand pursuant to Leija.
ORFINGER and COWART, JJ., concur.