ORFINGER, Judge.
After accepting defendant’s plea of nolo contendere to one count of DUI manslaughter and adjudging her guilty of that charge, the trial court departed downward from the recommended guidelines sentence of 3 to 7 years’ incarceration, and imposed instead 5 years of probation, the first two years of which were to be on community control. The State appeals and we reverse.
Bowen was the driver of a vehicle involved in a single car accident occurring September 14, 1986. Her passenger was not wearing a seatbelt, was thrown from the car and was killed. The Florida Highway Patrol homicide investigator included in his report the statement that the deceased “most likely would be alive today, if he had complied with the Florida Statute requiring the use of the occupant restraint system for occupants in the front of vehicles.” A blood alcohol test administered to Bowen approximately two hours after the accident showed a .14 blood alcohol level.
In a separate order regarding departure, the trial court noted the amendment to the DUI manslaughter statute which took effect two weeks after this accident occurred, and the trooper’s surmise that decedent most likely would have survived had he used a seatbelt. The court concluded, “Causation now an element of the offense would not have been proven by the plaintiff. The legislative judgment responding to Baker [v. State, 377 So.2d 17 (Fla.1979) (DUI manslaughter is a strict liability offense)] should be carried through in the sentencing perogative [sic] in the interest of fairness and decency.”
The change referred to by the trial court was the repeal of section 316.1931, Florida Statutes (1985) and its replacement, effective October 1, 1986, by section 316.193, Florida Statutes (Supp.1986).[1] In adopting the new statute the legislature provided:
The repeal of section 316.1931, Florida Statutes, by this act shall not be construed to preclude or otherwise affect the imposition of any penalty ... for a violation of said section committed before the effective date of this act [October 1, 1986], nor shall such repeal affect any other provision of law relating to a person who violated said section prior to such date.
Ch. 86-296, § 27, Laws of Florida.
By its very terms, the amended statute does not apply in this case, as was recognized by the trial judge. Yet, in applying it here, the trial court retroactively amended the effective date of the statute contrary to the express direction of the legislature. Moreover, the statement by the highway patrolman in the accident report, even disregarding its hearsay characteristics, was nothing more than speculation which might *853 or might not be admissible in evidence had the new statute been in effect, depending on the officers’ qualifications to so testify, or which might not be accepted by the jury, depending on what other evidence the State produced.
State v. Sachs, 526 So.2d 48 (Fla.5th DCA 1988) is distinguishable. There, the victims were killed as a result of a three car pileup, and it was never determined whether the defendant was responsible for the deaths. All three drivers tested positive for alcohol. The State conceded that the defendant may not have been the immediate cause of the deaths resulting from the accident, and the court held that such factor could be taken into account when not otherwise factored into the sentence, “especially in the context of a strict liability criminal statute such as the DUI manslaughter law.”
No such mitigating factor is present here nor did the trial court rely on such factor in departing downward. The trial court obviously felt that it was unfair to impose the required sentence because, had the accident happened two weeks later, the State might not have been able to prove its case. This was a one car accident. The defendant was the driver and there was no question as to how the decedent was killed.
Because the departure was not based on clear and convincing reasons, the order placing defendant on community control and probation is vacated, and the cause is remanded for sentencing in accordance with the guidelines.
Order VACATED and REMANDED for resentencing.
DAUKSCH and DANIEL, JJ., concur.

. On the date the offense was committed, September 14, 1986, the applicable DUI statute, section 316.1931(c), Florida Statutes (1985) provided:
If the death of any human being is caused by the operation of a motor vehicle by any person while so intoxicated, such person shall be deemed guilty of manslaughter and on conviction shall be punished as provided by existing law relating to manslaughter.
Section 316.1931, Florida Statutes (1985) was repealed effective October 1, 1986, Chapter 86-296, § 27, Laws of Florida, and was replaced with section 316.193, Florida Statutes (Supp. 1986). Section 316.193(3) provides:
Any person:
******
(b) Who operates a vehicle; and
(c) Who, by reason of such operation, causes:
******
3. The death of any human being is guilty of DUI manslaughter, ...