541 So.2d 744 (1989)
The STATE of Florida, Appellant,
v.
Torrance MATHIS, Appellee.
No. 88-184.
District Court of Appeal of Florida, Third District.
April 11, 1989.
Robert A. Butterworth, Atty. Gen., Margarita Muina Febres and Joan Greenberg, Asst. Attys. Gen., for appellant.
Bennett H. Brummer, Public Defender and Peter L. Nimkoff, Asst. Public Defender, for appellee.
Before JORGENSON, COPE and LEVY, JJ.
PER CURIAM.
The State challenges the sufficiency of the reasons for downward departure by one cell in a sentence imposed for aggravated battery. The guidelines sentence was *745 seven to nine years; the court over the State's objection imposed a sentence of five years. We affirm.
The State is correct in contending that two of the reasons for downward departure are insufficient. The youth of the defendant is not a permissible reason for downward departure where, as here, the defendant is twenty-five. See State v. Collins, 482 So.2d 388 (Fla. 5th DCA 1985); State v. Bentley, 475 So.2d 255 (Fla. 5th DCA 1985). Likewise, completion of a court-ordered rehabilitation program will not support a downward departure. See State v. Taylor, 482 So.2d 578 (Fla. 5th DCA 1986).
The court did find, however, after an evidentiary hearing, that the offense committed by the defendant was the result of provocation by the victim, although the provocation was not legally sufficient to warrant a finding that defendant had acted in self-defense. In our view, provocation can be a permissible reason for downward departure. Cf. State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986) (duress can be a mitigating factor to warrant downward departure). The State vigorously debates the propriety of the trial court's finding. The facts were sharply in dispute at the evidentiary hearing, and the trial court resolved the dispute in favor of the defendant on the issue of provocation. As there is substantial competent evidence to support that finding, no reversible error has been shown.
Affirmed.[1]
JORGENSON and LEVY, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I concur that the first two reasons for downward departure were insufficient, and also concur that there was substantial competent evidence to support the finding that defendant was provoked into engaging in the altercation. I would reverse, however, because the evidence indicates the victim had retreated from defendant's apartment to the yard outside. Defendant returned to the apartment, obtained three kitchen knives, went to the yard, and stabbed the victim. Defendant conceded that he could have called the police while he was in the apartment but testified that he had panicked because the victim, while in the yard, had called out to a friend to bring him a gun.
Assuming the initial fight was provoked by the defendant, the resumption of hostilities was accomplished by the defendant. Cf. Merchant v. State, 476 So.2d 331 (Fla. 1st DCA 1985) (right to use force ended when defendant returned to house, after which he reentered yard, resumed altercation, and inflicted gunshot wound). While reluctant to second-guess the trial judge who conducted a lengthy evidentiary hearing into all of the circumstances, I do not believe there were legally sufficient reasons for downward departure, even taking the facts in the light most favorable for the defendant.
NOTES
[1] The offense at issue occurred in September, 1987, after the effective date of chapter 87-110, Laws of Florida, which provided that a sentence must be upheld when at least one circumstance or factor justifies the departure. Id. § 2, codified as § 921.001(5), Fla. Stat. (1987).