PER CURIAM.
This is an appeal from a sentence rendered by the Broward County Circuit Court. We reverse and remand.
On February 3, 1989 an information was filed charging appellant with purchasing cocaine within one thousand feet of a school and with possession of cocaine. Ap-pellee pled guilty to both of the charged offenses. The recommended guideline sentence was three and one-half to four and one-half years in prison. Over the state’s objection, the trial judge departed from the recommended range and sentenced appellee to two years of community control. In the section of the scoresheet labeled “Reasons for departure,” the trial judge wrote in “At D’s request based on State v. Sachs.”
Unlike the situation in Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, — U.S. -, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), the state in this case does not question whether the notation constitutes a written reason for departure, but rather it questions whether the reason given is clear and convincing. In State v. Mischler, 488 So.2d 523, 525 (Fla.1986), the Florida Supreme Court stated that “ ‘clear and con *1276 vincing reasons’ require that the facts supporting the reasons be credible and proven beyond a reasonable doubt. The reasons themselves must be of such weight as to produce in the mind of the judge a firm belief or conviction, without hesitancy, that departure is warranted.”
We fail to see how the reason stated in the case at hand—"At D’s request based on State v. Sachs” — could be deemed to satisfy the standard for clear and convincing set forth in Misckler. State v. Sachs, 526 So.2d 48 (Fla.1988), cited in support of the departure by the trial court, addressed several reasons for downward departures and not just the isolated nature of the proscribed conduct reason which the appel-lee asserts to be a valid reason for departure in the case at hand. It is unclear from the sentencing scoresheet which of the reasons mentioned in Sachs was intended by the trial judge to justify the departure in the case at hand. A review of the transcript from the sentencing hearing discloses that the trial judge did not orally announce his reasons for downwardly departing. In fact, all that one sees upon a reading of the transcript is defense counsel’s argument in support of the downward departure. Defense counsel argued to the court as follows:
[T]his lady has no prior felonies, Judge, and I would be asking the Court for a departure, again, based on State versus Sachs, 256 [526] So.2nd 48.
This is an isolated instance in this lady’s past. She expressed remorse. And I would ask the Court for a departure so that she can get two years community control.
The transcript is devoid of any comment by the trial judge regarding reasons justifying the departure sentence. As stated in Leopard v. State, 491 So.2d 1284, 1285 (Fla. 1st DCA 1986), a trial judge’s duty to provide clear and concise written reasons for departure after consideration of the relevant mitigating and aggravating factors is not sat-, isfied “by a mere ‘rubber stamp’ by the trial judge of reasons articulated by one of the parties, without careful consideration of each reason.”
GLICKSTEIN, DELL and WALDEN, JJ., concur.