553 So.2d 258 (1989)
STATE of Florida, Appellant, Cross-Appellee,
v.
TAI VAN LE, Appellee, Cross-Appellant.
No. 88-03064.
District Court of Appeal of Florida, Second District.
November 22, 1989.
*259 Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellant, cross-appellee.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellee, cross-appellant.
LEHAN, Acting Chief Judge.
The state appeals from the trial court's downward departure from the sentence recommended by the sentencing guidelines upon defendant's conviction for second-degree murder. Defendant cross-appeals his conviction. The conviction arose from defendant having shot the victim who, according to defendant's evidence, had advanced upon defendant with a hammer and threatened to kill him. Prior to the shooting the victim had smashed the windshield of defendant's car with the hammer after having fought with defendant and having chased defendant from the scene with the hammer. It was upon defendant's return to the scene that the shooting occurred.
We affirm the downward departure. See State v. Mathis, 541 So.2d 744, 745 (Fla. 3d DCA 1989) ("[T]he provocation was not legally sufficient to warrant a finding that defendant had acted in self-defense. [However], provocation can be a permissible reason for downward departure."). See also State v. Sachs, 526 So.2d 48, 50 (Fla. 1988) ("[W]e cannot say it is improper also to consider in mitigation the manner of the commission of the crime if it has not been factored... . Although respondent is held strictly accountable under this statute, the sequence of events that resulted in the deaths in this instance tends to show a lesser degree of moral culpability.").
We affirm the conviction. We disagree with defendant's contention to the effect that the jury was not entitled to conclude from the evidence that defendant's act of shooting the victim was not necessary as an act of self-defense, as we will explain.
There was sufficient evidence, or reasonable inferences therefrom, on the basis of which the jury was entitled to conclude that defendant could have avoided that method of defense by retreating. While defendant testified that he could not get away, there was evidence indicating otherwise. Defendant had earlier successfully fled from the victim before returning to the scene, and a police officer who had witnessed the shooting from a distance of over one hundred yards testified that she had observed nothing which would have prevented defendant from retreating. See Baker v. State, 506 So.2d 1056, 1058 (Fla. 2d DCA), review denied, 515 So.2d 229 (1987) (when there is sufficient evidence that defendant could have retreated from attack by victim instead of using deadly force to defend himself against the attack, jury is entitled to reject defense of self-defense). An appellate court is not entitled to reweigh evidence which includes sufficient evidence to support the conclusion of the trier of fact. See Tibbs v. State, 397 So.2d 1120, 1123 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Tsavaris v. NCNB National Bank, 497 So.2d 1338 (Fla. 2d DCA 1986). Compare Thompson v. State, 552 So.2d 264 (Fla. 2d DCA 1989) (jury is not entitled to reject defense of self-defense when there is no evidence or reasonable inference therefrom to rebut evidence from defendant in support of that defense, which was corroborated by some state evidence and included evidence that defendant could not have retreated *260 safely instead of using deadly force to defend himself).
We do not agree with defendant's additional contention on appeal. See Tibbs at 1123; Manuel v. State, 344 So.2d 1317, 1320 (Fla. 2d DCA 1977).
Affirmed.
THREADGILL and PATTERSON, JJ., concur.