COBB, Judge.
The issue on this appeal concerns promises the trial court made in conjunction with a plea bargain.
The defendant pled guilty to the charges of delivery and possession of cocaine. The trial court stated that if the defendant did not qualify as a habitual offender, the trial court could sentence her in accordance with the sentencing guidelines, “to whatever is the permitted range of sentence.” The trial court also promised the defendant that she would be allowed to serve the two sentences “concurrently.”
At the sentencing hearing, the court sentenced the defendant to fifteen years for *140 the delivery conviction and an additional five years for the possession conviction. The delivery sentence of 15 years was to be consecutive to the possession sentence for a total of twenty years. As a result of the consecutive sentences, the following colloquy took place:
MS. BIECKER: Your Honor, I thought at the time she entered her plea, she entered it on both cases at the same time. I thought our agreement was she would receive concurrent time.
THE COURT: I have a permitted range sentence. It goes up to twenty-two years. I have sentenced her to twenty years. She is a persistent drug dealer. She had been adjudicated over and over again for dealing cocaine. Ms. Fulse, this is your last guideline sentence. Your next sentence will be as a habitual felony offender and it will be a life sentence. Step to your left.
Under Rule 3.988, Category 7, the recommended range for the defendant was 12 to 17 years. The permitted range was 9 to 22 years.
The trial judge clearly changed his mind regarding whether to make the sentences run concurrently or consecutively. Pursuant to section 775.082, Florida Statutes (1989), the sentence for the delivery conviction could not exceed 15 years and the sentence for the possession conviction could not exceed five years, which is exactly what the defendant received. The sentence was also well within the permitted range even though the trial court could not give a possible total sentence of 22 years as stated at the hearing. The error is not harmless, however, because the change would affect how the defendant's gain time is computed. § 944.275(4)(a)1, Fla.Stat. (1989). See also, Bowling v. State, 459 So.2d 459 (Fla. 5th DCA 1984); Wood v. State, 357 So.2d 1060 (Fla. 1st DCA 1978). Cf. Kimmons v. Wainwright, 338 So.2d 239 (Fla. 1st DCA 1976), cert. denied, 346 So.2d 1249 (Fla.1977), 434 U.S. 843, 98 S.Ct. 142, 54 L.Ed.2d 107 (1977), decided under former § 944.27, Fla.Stat. (1975).
Accordingly, we reverse the sentence and remand for entry of a sentence in accordance with the agreement (that the sentences run concurrently) or, in the alternative, trial on all counts in the event the trial court finds the sentence agreement unacceptable. See State v. White, 532 So.2d 1083 (Fla. 5th DCA 1988).
REVERSED AND REMANDED.
HARRIS and GRIFFIN, JJ., concur.