PER CURIAM.
Silverio F. Fonte appeals his conviction for second degree murder with a deadly weapon. The State cross-appeals the downward departure sentence imposed by the trial court.
We affirm the trial court’s denial of the defendant’s motion to suppress his confession, which the police obtained by falsely telling defendant-appellant Fonte that some of his DNA had been found on the body of the victim. “A confession obtained by a misstatement of fact is admissible as long as it is voluntarily made.” State v. Manning, 506 So.2d 1094, 1098 (Fla. 3d DCA 1987).
The defendant argues that the trial court erred by denying his motion to exclude his statement to the police during *672 one of three police interviews. A detective testified, that during an interview on November 18, 2000, the defendant became belligerent and told him “he had not killed anyone, but if he indeed had killed someone, we would never be able to make him confess because he had been in prison in Castro’s Cuba and interrogated on the charges that he had attempted to kill a general, and they did not make him confess.” The defendant called the detective an amateur who could never make him confess.
We agree with the defendant that the objection should have been sustained as to the statement that the defendant had been in prison in Castro’s Cuba and interrogated on the charge that he had attempted to kill a general. This part of the statement had no relevance to .the charge at hand and was potentially prejudicial.
We conclude, however, that the testimony was harmless beyond a reasonable doubt under the circumstances of this case. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The defense in the case was self-defense. There had been an altercation between the defendant and the victim. The medical examiner’s testimony indicated that the victim had been stabbed three times in the back with a sharp object. The direction of the wounds was back to front. The defendant’s account was that the victim attacked him with a sharpened screwdriver and the defendant took the sharpened screwdriver away. The defendant maintained that he attempted to hit the defendant with the Screwdriver and the screwdriver slipped so that he “pinched” the victim with the screwdriver.
The medical evidence is inconsistent with a theory of self-defense. By the defendant’s own account he had disarmed the intoxicated victim. He then stabbed the unarmed victim three times in the back. Since the medical evidénce refutes the defendant’s claim of self-defense, we conclude that the admission of the objected-to portion of the detective’s testimony was harmless under the circumstances of this case.
We reach the same conclusion regarding the. defendant’s .next point on appeal. During closing argument, the prosecutor stated in part that “if it was self-defense, I submit that they [the police] would not have arrested him.” The defendant’s objection, motion for mistrial, and request for a curative instruction were all overruled.
It was improper for the prosecutor to argue that the police would not have arrested the defendant if he had been acting in self-defense. See Martinez v. State, 761 So.2d 1074, 1081 (Fla.2000). The State contends .that the prosecutor’s comment was fair reply to defense counsel’s closing argument, but we do not think that is so. However, for the reasons previously stated, we conclude that this comment was harmless beyond a reasonable doubt.
We reject the defendant’s argument that the evidence in this case faile.d to rebut his claim of self-defense. By the defendant’s account, he disarmed the intoxicated victim. The medical evidence establishes that the defendant stabbed the unarmed victim three times in the back. An acquaintance testified that the defendant admitted killing the victim and that he had done so because the victim had been abusive toward a woman. Another acquaintance testified that the defendant had admitted the murder and said that the victim “looked for it.” In neither instance did the defendant’s statement to the acquaintances mention self-defense. The foregoing evidence is inconsistent with a theory of self-defense. The evidence was legally sufficient.
*673 The State cross-appeals the downward departure sentence imposed by the trial court. The sentencing guidelines provided for a minimum sentence of 20.6 years. The court entered a downward departure sentence of fifteen years followed by five years probation.
The trial court’s oral pronouncement was as follows:
THE COURT: Based on all the facts that the victim did have the weapon that ended up in the hands of the defendant.
[DEFENSE COUNSEL]: The victim as the aggressor.
THE COURT: He may have been, but he did have a weapon and I feel under all the circumstances I have heard that is a fair and proper sentence in this case.
R. 222-23. As stated in the written downward departure order, the departure reason is that the “victim brought the weapon to the fight.”
Under the sentencing guidelines, the downward departure reasons include: “The victim was an initiator, willing participant, aggressor, or provoker of the incident.” § 921.0026(2)(f), Fla. Stat. (2000). In the present case the trial court said only that the victim may have been the aggressor, but the reason relied on by the trial court was the fact that the victim was armed.
We respectfully disagree with the trial court on this issue. A number of decisions have approved downward departure sentences where there was conduct by the victim which amounted to provocation. See Hines v. State, 817 So.2d 964 (Fla. 2d DCA 2002); State v. Tai Van Le, 553 So.2d 258 (Fla. 2d DCA 1989). However, the bare fact that the victim was armed is not, in and of itself, sufficient. Although asked to do so, the trial court did not make a finding that the victim was the aggressor and would only say that this may have been so. The only reason stated in the written departure order was that the victim brought the weapon to the fight. We conclude that the stated reason is legally insufficient and remand for resentencing within the guidelines.
Affirmed in part, reversed in part, and remanded for resentencing.