461 So.2d 274 (1985)
James Sylvester THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1687.
District Court of Appeal of Florida, Fifth District.
January 3, 1985.
*275 James B. Gibson, Public Defender, and Lucinda H. Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Thomas appeals from judgments and sentences for robbery with a firearm and possession of a short barreled shotgun.
The first point we address is whether the trial court erred in denying Thomas' motion to suppress. Thomas contends that the photographic evidence used to identify him as one of the assailants was obtained as the result of an illegal arrest. We have reviewed the record and find sufficient competent evidence to support the trial court's determination that the arrest was proper. Accordingly, we affirm Thomas' convictions.
The next point we address is whether the trial court erred in departing from the recommended guideline sentence.[1] Thomas was sentenced to concurrent terms of fifteen years for robbery and five years for possession of a short-barreled shotgun. The recommended sentence under the guidelines was nine years. The only reason the court gave for departing from the sentencing guidelines is reflected in the following colloquy:
MR. TEDFORD [defense counsel]: Mr. Thomas has been advised of all of this. He had asked me one focal question which would be, being advised that the Court would, if he elected guidelines, go outside of them. He was curious as to what the criteria would be for going outside. At our bench conference, the Court indicated that the criteria for going outside of the guidelines would be attitude and demeanor of the Defendant during the trial and in Court appearances, also the fact that the Codefendant had entered a guilty plea and was sentenced to fifteen years. And that there is a case law setting forth that the Codefendant should be treated equally. As a consequence, the Court would impose a sentence not less than fifteen, even if the guidelines were elected.
THE JUDGE: I can tell you that the Codefendant who pled and got fifteen years will not get more than Mr. Thomas. Mr. Thomas will get under way  which ever way he goes will receive not less than fifteen years.
No reason for departure was given on the guidelines scoresheet nor did the court provide any other explanation transcribed in the record. The co-defendant's scoresheet was not made a part of the record.
On appeal, the state has argued that "it is a well-known axiom of law that equally culpable defendants should receive equal sentences," citing Demps v. State, 395 So.2d 501 (Fla. 1981) and Slater v. State, 316 So.2d 539 (Fla. 1975). Without analyzing the applicability of those cases to the state's argument, it is obvious that they are not applicable to sentences calculated under the guidelines. Florida Rule of Criminal Procedure 3.701(b)(4) states:
The severity of the sanction should increase with the length and nature of the offender's criminal history.
Here, if the co-defendant had an extensive criminal history and Thomas did not, it would not be appropriate to give Thomas a sentence outside the guidlines simply because it was indicated in the co-defendant's case.
In sum, the trial court erred in departing from the guidelines for the sole reason that Thomas's co-defendant had received a fifteen year sentence. Accordingly, we affirm *276 the appealed convictions, but vacate the sentences and remand for resentencing to the presumptive or recommended guideline sentence or to a departure sentence imposed in accordance with the sentencing guidelines.
Judgments AFFIRMED; sentences REVERSED and cause REMANDED for resentencing.
SHARP, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
This departure sentence should be affirmed on authority of Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984); Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984); Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984).
NOTES
[1] Fla.R.Crim.P. 3.701.