LETTS, Judge.
The sentencing judge departed downward from the guidelines because the defendant had no prior arrests or record[1] and because the judge believed the instant defendant should receive the same sentence as had been meted out earlier to a code-fendant, after a plea bargain. Both defendants had participated in the same purse-snatching incident. We reverse.
We are of the opinion that the lack of prior criminal convictions should be a sufficient reason to “take it easy” on a defendant, but are equally sure that it cannot be done under the sentencing guidelines, which, by implication, have to have taken into account the lack of prior convictions because they increase the score, and thus the sentence, if there are prior convictions. See State v. Holcomb, 481 So.2d 1263 (Fla. 3d DCA 1986).
Additionally, as to the sentence of the codefendant, that sentence resulted from a negotiated plea which the state accepted for the codefendant but refused to offer to the instant defendant. We are unable to find any support for the proposition that the sentence here pronounced, which would fall below the guidelines, can be predicated on the fate of a codefendant. See Thomas v. State, 461 So.2d 274 (Fla. 5th DCA 1985); Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985), and Brinson v. State, 483 So.2d 13,16 n. 3 (Fla. 1st DCA 1985).
Our conclusion admittedly involves a paradox. The trial judge is supposed to have retained his discretion under the guidelines and sentencing is still supposed to be an “individualized process.” Albritton v. State, 476 So.2d 158, 160 (Fla.1985). If that be so, surely the judge should be able to exercise his discretion to be merciful to a first offender who has never even been arrested, especially when the exact same mercy was somehow made available to his partner in the same crime who did have a prior record and was, by his own admission, the more culpable. The paradox, of course, is that while the purpose of the guidelines is to eliminate disparity in sentencing, the very opposite result has been achieved in this case.
We seriously considered affirming this cause. There is nothing already factored into the guidelines concerning lack of prior *205 arrests or the fate of codefendants. However, the Supreme Court in State v. Mischler, 488 So.2d 523 (Fla.1986), appears to have foreclosed affirmance. Pre-Mischler, we thought a trial judge’s discretion was ir reversible if the reasons given for the departure and the extent of it were convincing and reasonable. Albritton, at 160. Post-Mischler, the trial judge’s discretion appears to have shrunk. Now, we are in effect told, the trial judge’s decision to depart will be reversed unless “without hesitancy” no reasonable judge would have followed the guidelines.
Our reluctant conclusion can only be buttressed by the most recent decision from our Supreme Court in Williams v. State, 492 So.2d 1308 (Fla.1986), wherein it was said:
It is also improper to depart based on the trial court’s perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime. The raison d’etre of the sentencing guidelines is to develop punishment commensurate with the seriousness of the crime. The different categories of crimes, the various scoring opportunities, and the disparate punishment ranges are clearly bottomed on this objective. The guidelines were enacted “to establish a uniform set of standards to guide the sentencing judge” and “eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting specific offense- and offender-related criteria and in defining their relative importance in the sentencing decision.” In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 849 (Fla.1983). Accord Santiago v. State, 478 So.2d 47, 48 (Fla. 1985); Hendrix, 475 So.2d at 1219-20. A trial judge may not substitute his own opinion for that of the Sentencing Guidelines Commission simply because he does not agree with the presumptive sentence. Cf. Allen v. State, 476 So.2d 309, 310 (Fla. 2d DCA 1985) (trial judge may not depart simply because he thinks a harsher sentence will deter others). To permit every trial judge to determine his or her own sentence would result in the total elimination of the sentencing guidelines.
The above being so, the “guidelines,” as some forecast all along, emerge as virtual “rules” unless departures downward are somehow distinct from their upward counterparts.
In conclusion, we are cognizant of yet another irony. Assistant state attorneys either offer or agree to plea bargains which depart downward from the guidelines every working day. Thus, they are in a position to freely exercise discretion to recommend and bring about a departure downwards while a veteran trial judge cannot. This very case exemplifies the criticism that the guidelines have neither eliminated disparity nor have they reduced the exercise of discretion. The same discretion is involved and the same disparity results; the control has simply been transferred from the trial judge to the state attorney.
Believing the matter presented here to be of great public importance, we hereby certify to the Supreme Court the following question:
CAN THE TRIAL JUDGE DEPART DOWNWARD FROM THE GUIDELINES IF THE DEFENDANT HAS NO PRIOR CONVICTIONS OR ARRESTS AND IF THE JUDGE BELIEVES THE DEFENDANT SHOULD NOT RECEIVE A SENTENCE MORE SEVERE THAN A CO-PERPETRATOR OF THE SAME CRIME WHO HAS BEEN THE RECIPIENT OF A PLEA BARGAIN?
The State’s appeal in this cause also illustrates the active part it is now playing in guideline departures. At first, the flood of appeals came mainly from aggravated defendants. That flood has now become a torrent by reason of the State, irritated at downward departures. The resulting inundation is in derogation of all that was represented to the Legislature, and to the district courts, by the Guidelines Commission.
REVERSED AND REMANDED FOR RESENTENCING.
*206 DELL, J., concurs.
ANSTEAD, J., dissents without opinion.

. We assume the judge’s use of the word "record” is synonymous with "convictions.” Both briefs appear to be predicated upon this same assumption.