510 So.2d 296 (1987)
Henry Lee SANDERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 69626.
Supreme Court of Florida.
July 16, 1987.
Richard L. Jorandby, Public Defender, Fifteenth Judicial Circuit, and Margaret Good, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Diane Leeds, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
In State v. Sanders, 512 So.2d 204, 205 (Fla. 4th DCA 1986), the following question was certified to us as one of great public importance:

*297 CAN THE TRIAL JUDGE DEPART DOWNWARD FROM THE GUIDELINES IF THE DEFENDANT HAS NO PRIOR CONVICTIONS OR ARRESTS AND IF THE JUDGE BELIEVES THE DEFENDANT SHOULD NOT RECEIVE A SENTENCE MORE SEVERE THAN A CO-PERPETRATOR OF THE SAME CRIME WHO HAS BEEN THE RECIPIENT OF A PLEA BARGAIN?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Sanders was charged along with two codefendants with two counts of robbery. Under the guidelines, the recommended sentence for Sanders if he was convicted of these crimes was twelve to thirty months. Bateman, one of the codefendants, had pled guilty pursuant to a plea bargain and received two years probation conditioned upon five months in the county jail for which he received full credit for the time served.
Sanders offered to plead guilty if the court would sentence him in a manner similar to Bateman. His counsel represented that the case involved a purse snatch robbery of two women who had been knocked to the ground. The victims were unable to identify anyone, but several witnesses gave descriptions which led to the stopping of a car occupied by Sanders, Bateman and a woman who ultimately became the third codefendant. Witnesses had said one of the two robbers was wearing a red shirt and one of them was a female. When the car was stopped, Sanders, the driver, was wearing khaki-colored clothes while Bateman was wearing a red shirt. Bateman had money in his pocket in exactly the amount and denominations described as being stolen, whereas Sanders had less than two dollars in his pocket. Bateman also gave inconsistent statements concerning his whereabouts on the day in question, and at one point wrote a letter to the public defender admitting his guilt and stating that Sanders "didn't do anything."
Counsel stated that she believed that Bateman had a prior criminal record, although not a serious one, and that he was supposed to cooperate with the state in Sanders' case. She surmised that the state had offered Bateman a plea bargain because of identification problems. While the physical descriptions given by the witnesses matched Bateman, one of them picked Sanders' photo out of a photo lineup. Apparently, no one could positively identify Bateman. The assistant state attorney, who was substituting for other counsel on the day of the hearing, did not rebut defense counsel's representations, but he did object to any sentence below the guidelines recommendation. The court accepted Sanders' plea and gave him the same sentence as that received by Bateman. The guidelines scoresheet listed the following reasons for departure:
Defendant, age 32, has no prior arrests or record. Codefendant Bateman was given same sentence as part of plea agreement with state. Court believes both defendants should be treated similarly in this case.
The district court of appeal expressed its approval of the sentence but nevertheless reversed it as an impermissible downward departure under existing case law.
We agree with the district court that the lack of prior convictions cannot be a basis for a downward departure. The sentencing guidelines are designed to reflect prior convictions by adding additional points and thereby increasing the length of the recommended sentence. A sentence which is recommended for a defendant without prior convictions is just that; it presupposes that he has never before been convicted of a crime. Hence, the absence of prior convictions cannot be a basis for departing under the recommended sentence.
Essentially, the lack of prior arrests stands on the same footing. The guidelines themselves preclude the scoring of arrests, thereby reflecting the philosophy that arrests, standing alone, should have no weight. To permit the lack of arrests to justify a downward departure would have the effect of penalizing those who had been arrested but not convicted.
*298 However, we find that the judge was justified in taking into consideration the effect of Bateman's plea bargain. As a general principle, defendants should not be treated differently on the same or similar facts. Slater v. State, 316 So.2d 539 (Fla. 1975). In essence, the judge accepted the unrefuted representations that Bateman was at least, if not more, culpable than Sanders. In an effort to provide equality of punishment for two persons who participated in committing the same crime, the court lowered Sanders' sentence so as to be equivalent to that which Bateman received. We recognize that upward departures cannot be justified solely in order to match the sentence of a codefendant. Von Carter v. State, 468 So.2d 276 (Fla. 1st DCA), remanded on other grounds, 478 So.2d 1071 (Fla. 1985); Thomas v. State, 461 So.2d 274 (Fla. 5th DCA 1985). We conclude, however, that this can be a valid basis for downward departure, although we caution that each case must be decided entirely on its own facts and circumstances.
We reject the state's argument that our ruling means that any time the state offers a defendant a plea bargain which is below the guidelines recommendation, this will set a ceiling upon all codefendants' sentences. In the first place, there is no requirement for a departure below the guidelines unless the judge feels it is justified. Moreover, the relative culpability of codefendants in each case will be different. Therefore, the judge would only be justified in departing downward to meet a codefendant's sentence if the record established beyond a reasonable doubt that the culpability of the defendant was no greater than that of the codefendant.
It is evident that the judge reduced Sander's sentence to provide parity with Bateman's sentence. On this record, we are able to conclude beyond a reasonable doubt that the judge would have imposed the same sentence without consideration of the lack of prior convictions and arrests. Albritton v. State, 476 So.2d 158 (Fla. 1985).
To the extent indicated in our opinion, we answer the certified question in the affirmative, quash the decision of the district court of appeal and uphold Sanders' sentence.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.