LEHAN, Judge.
We affirm the revocation of defendant’s community control which was entered upon a plea of guilty to allegations of violations of community control.
We reverse defendant’s sentence which was imposed upon the revocation of his community control and which constituted a departure from the sentencing guidelines without valid reasons. As to the trial court’s first reason, the mere fact of there having been a violation of community control does not justify a departure. As to the second reason, we do not conclude that in this case violations consisting of failing to file monthly reports and having been delinquent in such filings constituted sufficiently egregious conduct so as to justify the departure. Compare State v. Pentaude, 500 So.2d 526 (Fla.1987). As to the third reason, the trial court’s dissatisfaction with the sentencing guidelines is not a valid departure reason. See Scurry v. State, 489 So.2d 25 (Fla.1986). That dissatisfaction in this case apparently derived from the fact that, due to credit for time served on defendant’s original sentence of incarceration before he began, and then violated, community control, no actual additional incarceration would occur from imposition of the guidelines sentence for the violation of community control. See Gilmore v. State, 523 So.2d 1244 (Fla.2d DCA 1988). See also Poore v. State, 531 So.2d 161, 165 (Fla.1988) (“We stress, however, that the cumulative incarceration imposed after violation of probation always will be subject to any limitations imposed by the sentencing guidelines recommendation. We reject any suggestion that the guidelines do not limit the cumulative prison term of any split sentence upon a violation of probation. To the contrary, the guidelines manifestly are intended to apply to any incarceration imposed after their effective date, whether characterized as a resentencing or revocation of probation.”).
Affirmed in part, reversed in part, and remanded for the imposition of a sentence within the sentencing guidelines recommended range.
RYDER, A.C.J., and DANAHY, J., concur.