746 So.2d 1219 (1999)
Patrick DAY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-4141.
District Court of Appeal of Florida, First District.
December 21, 1999.
*1220 Nancy A. Daniels, Public Defender, and Jamie Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Robert Butterworth, Attorney General, and L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant in this direct criminal appeal challenges his upward departure sentence following his conviction of second degree murder. We affirm his sentence because he is unable to show that each reason given for the departure sentence is invalid.
The trial judge gave two reasons for the upward departure sentence. He concluded that the crime evidenced "an escalating pattern of misconduct" and that the surrounding circumstances revealed "an elaborate scheme to cover up and perpetuate the nondisclosure of the victim's death and the defendant's involvement."
The appellant correctly argues that the escalating pattern of conduct reason is not a valid reason for departure in this case because the current offense is neither temporally proximate nor similar to the earlier offenses. See State v. Darrisaw, 660 So.2d 269 (Fla.1995).
The appellant's argument as to the other reason for departure is that it is invalid in light of decisions such as Smith v. State, 620 So.2d 187 (Fla.1993). We decline to address the appellant's argument on this point because the argument he presents on appeal was not presented to the trial court and is therefore not preserved for appellate review. § 924.051, Fla. Stat. (1997). Although section 924.051 permits review of unpreserved sentencing errors that cause sentences to be "illegal," see Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998), the error urged here is not reviewable on this basis because the supreme court has specifically indicated that sentences imposed pursuant to sentencing guidelines errors do not constitute "illegal" sentences. See Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995).
We are accordingly presented with a situation in which one reason for departure is invalid and the other is presumed to be valid because it is not subject to review. Prior to 1987, the harmless error test of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), was applied in this situation. See Albritton v. State, 476 So.2d 158 (Fla. 1985). But, in that year, the legislature amended section 921.001, Florida Statutes, to provide that "[w]hen multiple reasons exist to support a departure from a guidelines sentence, the departure shall be upheld when at least one circumstance or factor justifies the departure regardless of the presence of other factors found not to justify departure." This language, which remains a part of section 921.001, reflects the legislative intent that departure sentences may be reversed only upon a showing that each reason given for a departure sentence is invalid.
Because the appellant is unable to show that both of the reasons for departure are invalid, his sentence is affirmed.
BENTON and BROWNING, JJ., CONCUR.