766 So.2d 1126 (2000)
Dayna Maria MARCHETTA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-79.
District Court of Appeal of Florida, Second District.
August 18, 2000.
Bruno DeZayas, Special Assistant Public Defender, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Dayna Marchetta complains that her guidelines sentence was harsher than those imposed on her codefendants, whose participation in two counts of armed robbery far exceeded hers. Indeed, when sentencing Marchetta the trial court expressed its distaste for the fact that Marchetta, who furnished a gun and vehicle used in the robberies, would be incarcerated longer than the men who actually committed them. However, believing that "that is not a valid reason for a departure downward as to Ms. Marchetta," the court sentenced her to the bottom of the guideline range. The court was mistaken in its belief that it did not have discretion to impose a downward departure sentence under these circumstances.
Although an upward departure cannot be justified solely in order to match the sentence of a codefendant, a downward departure may be imposed for that reason. See Sanders v. State, 510 So.2d 296, 298 (Fla.1987). In Sanders the supreme court cautioned that each case must be decided entirely on its own facts and circumstances. There is no requirement for a departure below the guidelines. "Moreover, the relative culpability of codefendants in each case will be different. Therefore, the judge would only be justified in departing downward to meet a codefendant's sentence if the record established beyond a reasonable doubt that the culpability of the defendant was no greater than that of the codefendant." Sanders, 510 So.2d at 298. See also Marsh v. State, 546 So.2d 33 (Fla. 3d DCA 1989) (affirming downward departure sentence where trial court attempted to make sentence more equivalent to codefendant's lesser sentence); State v. Davis, 657 So.2d 1224 (Fla. 5th DCA 1995) (holding that desire to make defendant's sentence consistent with codefendant's was valid reason for downward departure), disapproved on other grounds, State v. Powell, 703 So.2d 444 (Fla.1997).
We reverse and remand for resentencing to permit the trial court to reconsider the sentence and to reevaluate whether, in its discretion, a downward departure sentence *1127 is justified. See also Kelly v. State, 727 So.2d 1084, 1085 (Fla. 2d DCA 1999) ("Since the trial court erroneously indicated that it did not have discretion in imposing the fifteen-year minimum mandatory term [habitual violent felony offender], the appellant is entitled to be resentenced.").
Reversed and remanded for further proceedings.
PARKER, A.C.J., and BLUE, J., Concur.