855 So.2d 698 (2003)
The STATE of Florida, Appellant,
v.
Jose V. NUNEZ, Appellee.
No. 3D02-2523.
District Court of Appeal of Florida, Third District.
October 8, 2003.
Charles J. Crist, Jr., Attorney General, and Erin K. Zack, Assistant Attorney General, for appellant.
Stephen J. Golembe, Miami, for appellee.
Before GREEN and SHEVIN, JJ., and NESBITT, Senior Judge.
SHEVIN, Judge.
The State appeals a downward departure sentence. We affirm. A review of the record demonstrates that the State offered to forgo an appeal of a downward departure sentence if the defendant gave a sworn statement. Although we agree with the State's assertion that this offer had been rejected and/or revoked at the beginning of the September 9 hearing, the transcript reveals that by the end of the hearing the State had renewed the offer. Before the hearing ended, the prosecutor stated: "If defense is inclined to provide the additional cooperation, my agency is available at any time to check him out, *699 and to be interviewed, if at any time we have been contacted we are available to proceed." [SR. 79]. Thus, the record belies the State's assertions that no State offer remained on the table. Furthermore, the State incorrectly asserts that the agreement was never mentioned by the court or the defense at the September 11 hearing: At that hearing, the plea colloquy contains a provision as to this condition that requires defendant to be debriefed by the State.
At the beginning of the September 11 hearing, the prosecutor stated that he went along with side-bar and chambers discussions "[b]ut [he] want[ed] to make sure that it's clear that the state is not requesting for the court to get involved in this plea negotiations." The prosecutor then objected to a departure sentence. [SR. 83] In response, the court stated: "I have said what I needed to say and I think it is clear that everybody was acting in good faith in the meetings and there was no point in time any statements made by the state that they didn't want the court to participate in the plea negotiations." [SR. 83] Thereafter, the court conducted the plea colloquy and asked: "And part of the plea was that the defendant agreed to be debriefed by the state of Florida; is that your understanding of the plea?" Defense counsel responded, "Yes," and the State did not object or inform the court that the offer to forgo the appeal had been withdrawn. [SR. 86]
We find no merit to the State's appeal. A careful review of the transcripts show that, over several weeks, the court, the State and defense counsel conducted several on-the-record and off-the-record discussions as to a downward departure sentence. It is unclear whether the State's initial downward departure offer remained viable.[1] However, it is apparent that the offer to forgo an appeal of a downward departure sentence was resurrected by the State at the end of the September 9 hearing and the court apparently accepted that provision as reflected by the court's statement to the prosecutor at the state of the September 11 hearing and the plea colloquy which included a provision, without a State objection, requiring defendant to be debriefed by the State. Therefore, the offer to forgo an appeal of a downward departure sentence was not withdrawn at the time the court made its offer to defendant. Accordingly, the downward departure sentence was within the court's discretion. See State v. Leggett, 792 So.2d 646 (Fla. 3d DCA 2001). See also State v. Aquilar, 775 So.2d 994 (Fla. 3d DCA 2000), review denied, 791 So.2d 1101 (Fla. 2001).
Affirmed.
NOTES
[1] Initially, the State offered defendant a fouryear downward departure sentence. Defendant filed a motion to mitigate seeking a lower sentence arguing that once the State offered a downward departure sentence, it was within the court's discretion to depart further below the guidelines. The State responded that it considered defendant's motion as a rejection of the four-year offer and it withdraw the offer. Subsequently, the State, defendant and the court participated in plea discussions in chambers and off the record. At the August 2 hearing, defense counsel informed the court that the State wished to delay the plea so that the cases of the other charged defendants could be resolved at the same time. Defense counsel stated that he did not want the delay to affect the plea. The State noted that Nunez's case was going to be resolved, and it should be done to include the co-defendants. Defense counsel requested that the plea offer be put on the record. After an unrecorded sidebar, the court reset the plea for August 15. Subsequently, the case was reset for September 9.