927 So.2d 939 (2006)
The STATE of Florida, Appellant,
v.
Maritza FERNANDEZ, et al., Appellees.
Nos. 3D04-3063, 3D04-3062, 3D04-3061.
District Court of Appeal of Florida, Third District.
February 22, 2006.
Rehearing Denied May 19, 2006.
Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellant.
Kenneth P. Speiller, for appellees.
Before LEVY, SHEPHERD, and ROTHENBERG, JJ.
SHEPHERD, J.
The State appeals a trial court decision to award downward departure sentences to three defendants, Maritza Fernandez, Maria DelGuidice, and Justo J. Echavarria. We affirm.
In September 2002, the State charged defendants by indictment with 189 counts of racketeering, intellectual property offenses, *940 forgery, bribery, and unlawful compensation in violation of sections 895.03(3), 831.01, 838.015(1), and 838.016(1) of the Florida Statutes. According to the indictment, defendants misused their positions as State of Florida Driver License Examiners to forge and sell fraudulent driver licenses. The lowest permissible guidelines sentence for these defendants ranged from 5.7 to 6.9 years.
On November 18, 2004, the trial court held a plea hearing. At the commencement of the hearing, the State announced that it had withdrawn all prior plea offers in the case. The offers withdrawn were for 180 days in jail plus five years of probation per defendant. Each defendant then offered in open court to plead guilty to the charges in exchange for adjudication withholds and five years' probation. The following discussion ensued:
[Court]: [B]ased on the stipulation of the parties and my review of the court file I find that there's a factual basis for each plea of guilty. That each defendant is alert, intelligent, and understands the nature and consequences of his or her plea.
. . . .
[A]nd before I impose the sentence that is being offered here, I was told earlier that there was a main culprit, a Mr. Nunez, is that correct, [Prosecutor]?
[Prosecutor]: That's right, Judge. The main, the A defendant shall we say, and who was charged with more incidents and who was a coordinating individual with regard to the activity that was going on inside the driver's license office. . . was offered . . . and [] accepted one year of State prison followed by two years of community control followed by three years of probation.[1]
The court then accepted the pleas as offered by each defendant, over the State's objection, stating:
[B]ecause the State offered below guideline pleas the Court is at liberty to accept plea offers below the guidelines. That's the only reason why I am accepting this plea under the guidelines, legal reasons. Other reasons . . . are that I understand that these people do not have a prior record. These were not violent offenses committed. All these people have family obligations and . . . I just feel that in this case where the State contemplated or made offers below the guidelines and the discrepancy is only six months in jail, there are many first offenders that don't do six months in jail.
The State contends that the trial court's decision to impose a downward departure sentence is unlawful because the departure is not supported by substantial competent evidence and because it was not reduced to writing. See Banks v. State, 732 So.2d 1065, 1067 (Fla.1999) ("[W]hether there is a valid legal ground and adequate factual support" to uphold a decision on whether or not a court "can depart" . . . is a mixed question of law and fact and will be sustained on review . . . if competent substantial evidence supports its ruling.). See Franquiz v. State, 682 So.2d 536, 538 (Fla. 1996) ("a trial court must determine and state in writing . . . whether valid reasons exist for a downward departure from a guideline sentence for a revocation").
The trial court articulated six reasons for accepting the defendants' pleas in this case: (1) no prior records; (2) defendants each had family obligations; (3) the offenses committed were not violent; (4) other first time offenders do not receive *941 prison time; (5) the State previously had made below guidelines offers to these defendants; and (6) the main or "A" co-defendant, Jose Nunez, had received a downward departure sentence. Defendants argue that the last of these reasons is a legally sufficient reason to support a decision to consider a downward departure sentence. We agree. See Sanders v. State, 510 So.2d 296, 298 (Fla.1987) (approving the consideration of a co-defendant's below guidelines sentence where co-defendant "was at least, if not more, culpable than defendant"); Marchetta v. State, 766 So.2d 1126 (Fla. 2d DCA 2000) (reversing guidelines sentence where trial court suffered from misimpression that it could not consider lower sentence of more culpable defendant).[2]
If a legal reason is received by a court, we are compelled by section 921.002(3) of the Criminal Punishment Code in effect at the time of the crime, § 921.002(3), Fla. Stat. (2002), to affirm the court's decision to depart even though all but one of the proffered reasons are not valid grounds to authorize a trial court to award a downward departure. Section 921.002(3) states:
A court may impose a departure below the lowest permissible sentence based upon circumstances or factors that reasonably justify the mitigation of the sentence in accordance with s. 921.0026. The level of proof necessary to establish facts supporting the mitigation of a sentence is a preponderance of the evidence. When multiple reasons exist to support the mitigation, the mitigation shall be upheld when at least one circumstance or factor justifies the mitigation regardless of the presence of other circumstances or factors found not to justify mitigation. Any sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge.
§ 921.002(3), Fla. Stat. (emphasis added).[3]See Day v. State, 746 So.2d 1219, 1220 (Fla. 1st DCA 1999) ("[w]hen multiple reasons *942 exist to support a departure from a guidelines sentence" has been interpreted to reflect "the legislative intent that departure sentences may be reversed only upon a showing that each reason given for a departure sentence is invalid").
We conclude the trial court was legally authorized to consider awarding these defendants' downward departure sentences. Whether the trial court should have done so is "a judgment call within the sound discretion of the trial court." Banks, 732 So.2d at 1068. Whatever our personal views might be, we are unable to conclude the trial court abused its discretion under the facts and circumstances of this case. Sanders, 510 So.2d at 298 ("each [downward departure] must be decided entirely on its own facts and circumstances"). Finally, the fact the trial court failed to file written reasons in support thereof is not fatal. See Pease v. State, 712 So.2d 374, 376 (Fla.1997) (failure to file written reasons for downward departure was not fatal where valid reasons were pronounced orally at sentencing).
Affirmed.
NOTES
[1] This court affirmed this sentence, holding that the prosecution acquiesced in the sentence at the plea hearing. See State v. Nunez, 855 So.2d 698 (Fla. 3d DCA 2003).
[2] Although cited as additional reasons for departing from the guidelines, the trial court correctly recognized that the other five reasons given for the departure sentence were legally insufficient. See Sanders, 510 So.2d at 297 (lack of prior convictions cannot be basis for downward departure); State v. Bray, 738 So.2d 962 (Fla. 2nd DCA 1999) (neither the fact that the crimes committed were non-violent nor that the defendant needed to support a family member were valid reasons to support downward departure); State v. Parisi, 660 So.2d 372 (Fla. 4th DCA 1995) (trial court may not base downward departure on State's revoked offer); State v. Caride, 473 So.2d 1362 (Fla. 3d DCA 1985) (non-violent nature of crime not sufficient because already contemplated by the guidelines). See also § 921.0026(2)(a)-(l), Fla. Stat. (2002) (enumerating mitigating circumstances under which a departure from the lowest permissible sentence is reasonably justified).
[3] The emphasized language was added to the sentencing guidelines applicable in this state, in substantially the same form as it appears today, in 1987. See Ch. 87-110, § 2, Laws of Fla. (effective July 1, 1987). Prior thereto, our supreme court held that for us to affirm a trial court's decision awarding a downward departure where the court relied upon both valid and invalid reasons, we had to "conclude beyond a reasonable doubt that the [trial] judge would have imposed the same sentence without consideration of [the invalid factors]." Sanders, 510 So.2d at 298 citing Albritton v. State, 476 So.2d 158, 160 (Fla. 1985). Because, unlike Sanders and Albritton, the crimes in this case occurred after the effective date of the 1987 amendment, we are required to follow this more current legislative directive. See § 921.002, Fla. Stat. ("The Criminal Punishment Code shall apply to all felony offenses . . . committed on or after October 1, 1998."). See also Rock v. State, 800 So.2d 298 (Fla. 3d DCA 2001) (statutes in effect at time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed). But see Marchetta, 766 So.2d at 1126 (suggesting that reasonable doubt test survives).