971 So.2d 946 (2007)
The STATE of Florida, Appellant,
v.
Clarence WATSON, Appellee.
No. 3D07-198.
District Court of Appeal of Florida, Third District.
December 26, 2007.
*947 Bill McCollum, Attorney General, and Juliet S. Fattel, Assistant Attorney General, for appellant.
Kenneth P. Speiller, for appellee.
Before WELLS and LAGOA, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
Upon Watson's guilty plea to violation of probation and violation of sexual offender registration requirements, he was sentenced below the state prison minimum guidelines sentence to two years of community control as a habitual offender on the registration charge, and a concurrent sentence of two years of community control for the probation violation. The state appeals because the sole basis for the departure was a state offer which had been revoked. We vacate the sentence.
It is first clear that the state's previous offer of a below minimum sentence  which, without more, would have authorized such a departure by the court  was in fact unequivocally revoked, as made in self-confessed error, prior to its acceptance.[1] Compare State v. Nunez, 855 So.2d 698, 699 (Fla. 3d DCA 2003) (although it was "unclear whether the State's initial downward departure offer remained viable . . ., the offer to forgo an appeal of a downward departure sentence was resurrected by the State"). Applying ordinary contract principles, see State v. Frazier, 697 So.2d 944 (Fla. 3d DCA 1997), which provide that one cannot accept a revoked offer, see 1 Arthur L. Corbin, Corbin on Contracts § 2.8, at 215 (Joseph M. Perillo ed., rev. ed. 1993) ("By exercising this power to revoke  by an effective revocation, *948 the offeree's power of acceptance is terminated."); 1 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 5:2, at 899 (4th ed.2007) (same), it has consistently been held that a trial court cannot justify a deviation from the guidelines based solely on an offer which is in essence no longer in existence. See State v. Fernandez, 927 So.2d 939, 941 (Fla. 3d DCA 2006) (trial court may not impose downward departure sentence based on state's revoked offer); State v. Parisi, 660 So.2d 372 (Fla. 4th DCA 1995) (same); see also State v. Reasbeck, 359 So.2d 564 (Fla. 4th DCA 1978). We do so again here.
Consequently, the sentence under review is reversed and the cause remanded to enter a guidelines sentence or to permit appellee to withdraw his plea. See State v. Roberts, 963 So.2d 747 (Fla. 3d DCA 2007); State v. Ahua, 947 So.2d 637 (Fla. 3d DCA 2007); State v. Green, 932 So.2d 365 (Fla. 3d DCA 2006); State v. Brownell, 922 So.2d 244 (Fla. 3d DCA 2006).
Reversed and remanded.
NOTES
[1] 

[PROSECUTOR]: I'm sorry, I didn't mean to interrupt [defense counsel] but I feel I need to. I was under the impression defendant was not a career criminal when I was making the assessment and making that offer. I am now seeing the file, I have to apologize. I did not know that.
I have to revoke that offer. We can't go below what is a career criminal offer initially. I was trying to help out but I didn't realize.
[THE COURT]: So what is the offer?
[PROSECUTOR]: Twenty-four months state prison.
. . . .
[PROSECUTOR]: The only thing I can say, Judge, that I am falling on the sword, it was my mistake. I have revoked the offer, so there is no below the guidelines on the offer. If you were to make one at this time we would take it up on appeal. Now, I have to tell you that I need to look into some things [defense counsel] has been saying. It is not that I don't believe her, but obviously there are some things that we might need to look into in order to take the case back to career criminal and get a better plea offer, but at this point in time it is premature.