CRENSHAW, Judge.
The State appeals Jayson Whiteside’s sentences for burglary of a dwelling and dealing in stolen property. After pleading no contest to the charges, Whiteside was sentenced to two concurrent eighteen-month terms of imprisonment. The State argues that the trial court erred in reducing Whiteside’s sentence when the criminal punishment code scoresheet reflected a lowest permissible sentence of 28.1 months. Because the trial court failed to articulate a valid legal ground for the departure, we reverse and remand for further proceedings.
In October 2009, Whiteside was charged with burglary and dealing in stolen property for allegedly entering a garage, stealing a lawnmower, and then pawning it. Whiteside’s criminal punishment score-sheet reflected 28.1 months as the lowest permissible prison sentence. At a plea hearing, Whiteside sought a departure sentence. The trial court ultimately accepted Whiteside’s offer of eighteen months’ prison and gave the following explanation:
[M]y reason is going to be that I think this is a factually mitigated burglary. It’s a crime of opportunity, daytime, going into the garage and stealing a lawnmower. And I think the guidelines ov-eraccentuate. While it is a legitimate residential burglary, the dealing in stolen property, not all burglaries are the same. And I think there is some mitigation, given the facts of this case.
I’ve sat here for 15 years and heard hundreds of different burglaries and this would be one of the least aggravated. And I think that’s the reason to take into consideration those facts and reduce the sentence from what the guidelines call for, which is 28, down to 18 months. And that’s the reason that I’m going to do that. I know that’s over the State’s strong objection.
Whiteside pleaded no contest to the charges, and the trial court sentenced him to two concurrent eighteen-month terms of imprisonment.
“A trial court’s decision whether to depart from the guidelines is a two-part process.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). “First, the court must determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it (step 1).” Id. “Second, where the step 1 requirements are met, the trial court further must determine whether it should depart, i.e., whether departure is indeed the best sentencing option for the defendant in the pending case.” Id. at 1068. Section 921.0026(1), Florida Statutes (2009), prohibits a downward departure from the lowest permissible sentence “unless there are circumstances or factors that reasonably justify *801 the downward departure.” The statute provides a nonexclusive list of reasons for a departure, but “a downward departure for reasons not set out by statute is permissible only if supported by competent, substantial evidence and not otherwise prohibited.” State v. Betancourt, 40 So.Sd 53, 56 (Fla. 5th DCA 2010).
Here the trial court failed to satisfy step one of the departure process because it did not articulate a valid legal ground for Whiteside’s departure sentence. The reasons stated on the record for the departure were that the crime was a “factually mitigated burglary” and the guidelines “overaccentuate.” Although the trial court points out that the burglary was a “crime of opportunity” and one of the “least aggravated” burglaries the court had seen, we do not find these factors satisfy the enumerated reasons for departure listed in section 921.0026(2).[1] The trial court’s statements at the hearing that “I’m not sure that the guidelines at 28 is appropriate under the circumstances,” that “the guidelines overstat[e] what I think the punishment should be,” and that “I think the guidelines overaccentuate,” predominately focus on the trial court’s dissatisfaction with the guidelines. And dissatisfaction with the guidelines is not an appropriate legal ground for imposing a departure sentence. Williams v. State, 492 So.2d 1308, 1309 (Fla.1986) (“It is also improper to depart based on the trial court’s perception that the recommended sentence under the guidelines is not commensurate with the seriousness of the crime.”); Scurry v. State, 489 So.2d 25, 29 (Fla.1986) (“[T]hat a lesser sentence is not commensurate with the seriousness of the crime, flies in the face of the rationale for the guidelines. In effect this reason reflects a trial judge’s disagreement with the Sentencing Guidelines Commission and is not a sufficient reason for departure.”); Ivry v. State, 534 So.2d 830, 831 (Fla. 2d DCA 1988) (“[T]he trial court’s dissatisfaction with the sentencing guidelines is not a valid departure reason.”).
Because the trial court failed to provide sufficient legal grounds for Whiteside’s departure sentence, we reverse and remand to the trial court for further proceedings consistent with this opinion. On remand, Whiteside shall be afforded an opportunity to withdraw his plea.
Reversed and remanded.
CASANUEVA, C.J., and LaROSE, J., Concur.

. The trial court implies that the crime was unsophisticated, but this quality alone does not satisfy the statutory factor listed in section 921.0026(2)(j), which also requires the trial court to find the crime was an isolated incident for which the defendant has shown remorse.