PER CURIAM.
The State appeals the trial court’s imposition of downward departure sentences after Appellee’s straight-up no contest plea to multiple counts in five cases. While Appellee’s scoresheet resulted in a minimum guidelines sentence of 88.9 months’ imprisonment, the trial court sentenced Appellee to concurrent terms of three years’ imprisonment followed by five years’ probation. The State argues, and Appellee concedes, that the trial court’s reason for departure was not based on competent, substantial evidence. We agree, reverse, and remand for resentenc-ing.
When imposing a downward departure sentence, the trial court must determine whether there is a factually supported, legal ground for departure and whether departure is the best sentencing option for the defendant. State v. Adkison, 56 So.3d 880, 882 (Fla. 1st DCA 2011). This Court reviews departure sentences to determine whether the grounds for departure were supported by competent, substantial evidence. Id. During the sentencing hearing, the trial court stated that it was entering the downward departure sentence based on proportionality. However, the trial court failed to make any factual findings to support this mitigating circumstance. It appears from the record before this Court that the trial court believed that the lowest minimum guideline sentence was too harsh for Appellee’s crimes. Mere dissatisfaction with the guidelines is not an appropriate legal ground for imposing a departure sentence. State v. Whiteside, 56 So.3d 799, 801 (Fla. 2d DCA 2011). We, *1123 therefore, REVERSE the sentences on appeal and REMAND for resentencing.
VAN NORTWICK, THOMAS, and ROWE, JJ., concur.