CLARK, J.
The State appeals the trial court’s downward departure sentence of Appellee for two counts of violations of section 943.0485, Florida Statutes (failure of sexual offender to report in person and failure of sexual offender to timely report). Upon Appel-lee’s plea to the charges, the trial court imposed two consecutive 5-year sentences, suspended upon completion of 5 years of probation and various special conditions. Because the trial court erred in its finding of a valid legal ground to depart, the sentence is reversed and this case is remanded for resentencing.
The parties agreed that the minimum permissible sentence under the Criminal Punishment Code scoresheet calculation was 66.75 months incarceration, and that the suspended prison sentences conditioned upon probation constituted a downward departure from the minimum permissible sentence. See State v. Adkison, 56 So.3d 880 (Fla. 1st DCA 2011) (“A sentence consisting of a suspended prison term followed by probationary period is treated as a downward departure sentence.”). Section 921.0026(1), Florida Statutes, prohibits a downward departure “unless there are circumstances or factors that reasonably justify the downward departure.” In addition, “[a]ny sentence imposed below the lowest permissible sentence must be explained in writing by the trial court judge.” § 921.002(3), Fla. Stat.
The record in this case does not contain any written explanation by the trial judge for its downward departure. However, this omission alone does not require reversal in this case. The record contains a transcript of the sentencing proceedings and the trial court expressed its reasons for departure therein. See Pease v. State, 712 So.2d 374 (Fla.1997).
On the merits, it is well-settled that “[a] trial court’s decision whether to depart from the guidelines is a two-part process.” State v. Whiteside, 56 So.3d 799, 800 (Fla. 2d DCA 2011). The trial court’s first step is to “determine whether it can depart, i.e., whether there is a valid legal ground and adequate factual support for that ground in the case pending before it.” Banks v. State, 732 So.2d 1065, 1067 (Fla.1999). Section 921.0026(2) lists valid mitigating factors which may support a downward departure, but a trial court is authorized to depart for non-statutory reasons as well. If a trial judge bases a downward departure on a non-statutory ground, “the issue is whether [such ground is] prohibited, and if not, whether there is competent substantial evidence in the record to support” it. State v. Thompkins, 113 So.3d 95, 99 (Fla. 5th DCA 2013). Further, the trial court must determine if a non-statutory mitigator “is consistent with legislative sentencing policies.” State v. Knox, 990 So.2d 665, 669 (Fla. 5th DCA 2008). In this case, the issue is whether the trial court based its departure sentence on a valid legal ground not listed in section 921.0026(2).
During the sentencing hearing, the court expressed its opinion that the lowest permissible sentence was “a bit harsh” when Appellee was only a few weeks late to register and had no obvious intent to violate the registration requirements. However, a trial court’s opinions that the lowest permissible sentence is too harsh, or that the severity of the sentence is not commensurate with the seriousness of the crime, are prohibited grounds upon which to depart. State v. Sigmen, 115 So.3d 1121 (Fla. 1st DCA 2013) (lowest minimum sentence “too harsh;” without any factual finding to support lack of proportionality, not a valid mitigator); State v. *110 Thompkins, 113 So.3d 95 (Fla. 5th DCA 2013); see also State v. Baker, 498 So.2d 1031 (Fia. 1st DCA 1986). “A trial court may not ignore the criminal sentencing policy established by the legislature simply because that policy offends the trial court’s sensibilities.” State v. Ayers, 901 So.2d 942 (Fla. 2d DCA 2005).
The trial court’s primary non-statutory mitigating factor to explain the downward departure was “the Heartland Doctrine,” a federal sentencing policy applicable to “atypical” cases not contemplated by the federal sentencing guidelines. Although we find no Florida case specifically prohibiting this ground, we likewise find no case applying this federal policy to Florida sentences. “The provision of criminal penalties and of limitations on such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature.” § 921.002(1), Fla. Stat. The Florida Legislature has codified Florida’s policies for sentencing, including departure sentences, in Florida’s Criminal Punishment Code, sections 921.002-921.0027, Florida Statutes. While similarities to the federal system of sentencing for federal offenses are certainly present, Florida has not adopted wholesale the policies or commentary pertaining to federal sentencing guidelines and laws. The trial court’s reliance on the federal “Heartland” doctrine for sentencing in atypical federal cases,[1] without further explanation of how this policy corresponds to Florida’s sentencing policies as set out by the Florida Legislature and case law interpretations of those policies, was not a valid legal ground for departure from Florida’s Criminal Punishment Code. The Federal Sentencing Guidelines Manual and the attached commentary, including the “heartland doctrine,” do not have any direct application to Florida sentencing determinations by Florida state courts.
In light of the foregoing, the sentence is REVERSED and this case REMANDED for resentencing. If the trial court finds grounds upon which to enter a departure sentence, it shall explain the sentence in writing.
VAN NORTWICK and OSTERHAUS, JJ., concur.

. As described in Koon v. United States, 518 U.S. 81, 92-93, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the "heartland doctrine” allows a federal court to depart from the federal sentencing guidelines "if the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the [federal] Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.’ 18 U.S.C. § 3553(b).” The Supreme Court referred to the federal Guidelines Manual, 1995 U.S.S.G. ch. 1, pt. A, introduction to comment 4(b), which explains that the federal sentencing guidelines are to be treated by federal courts "as carving out a 'heartland,' a set of typical cases embodying the conduct that each guideline describes. When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted. Ibid." Koon, 518 U.S. at 93, 116 S.Ct. 2035 (quoting 1995 U.S.S.G. Introduction).