NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D13-4473 |
| | ) | |
| MARTHA A. KUTZ, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Opinion filed January 30, 2015.

Appeal from the Circuit Court for Manatee
County; John F. Lakin, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Diana K. Bock, Assistant
Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellee.


DAVIS, Chief Judge.

The State challenges the trial court's imposition of a downward departure

sentence following Kutz's no contest plea to one count of grand theft of more than

$100,000. Because the trial court based its departure sentence on a mitigator specific

to participation in drug court when there was no evidence presented to support that Kutz suffered from a drug-related addiction, we reverse.

Kutz embezzled a large amount of money over time from the company where she worked, possibly due in part to her gambling and accumulated debts. Kutz scored fifty-six points and a minimum of twenty-one months in prison on her presentencing scoresheet. At sentencing, she argued for sentence mitigation based on section 921.0026(2)(e), (j), and (m), Florida Statutes (2012). The trial court specifically found that subsections (e) and (j) were not applicable to the mitigation of her sentence but determined that subsection (m) did apply. That subsection allows for a downward departure sentence where

> [t]he defendant's offense is a nonviolent felony, the defendant's Criminal Punishment Scoresheet total sentence points . . . are [sixty] points or fewer, and the court determines that the defendant is amenable to the services of a postadjudicatory treatment-based <u>drug court</u> program and is otherwise qualified to participate in the program as part of the sentence.

§ 921.0026(2)(m) (emphasis added).

Ignoring the portion of section 921.0026(2)(m) that requires the defendant be a candidate for a drug court program, the trial court accepted Kutz's argument and sentenced her to a twenty-one-month prison sentence, suspended and to be served on twenty-four months of community control followed by a twenty-year probationary term with a restitution repayment schedule and completion of a twelve-month gambling program.

The State maintains that this sentence constitutes an invalid downward departure sentence[1] that is not supported by competent, substantial evidence where Kutz does not qualify for a drug court program and her only possible addiction relates to gambling. We agree.

A possible gambling addiction does not provide competent, substantial evidence that Kutz qualified for a drug court program as required by the statute and cannot support the use of subsection (m) as a basis for a downward departure of her sentence. See State v. Barnes, 753 So. 2d 605, 607 (Fla. 2d DCA 2000). Despite Kutz's argument to the contrary, the State sufficiently preserved its objection and put the trial court on notice of the error prior to the imposition of the sentence, see id., and the trial court rejected all of her other requested bases for sentence mitigation. Accordingly, we reverse the downward departure sentence and remand for resentencing in accordance with this opinion.

Reversed and remanded.

ALTENBERND and CASANUEVA, JJ., Concur.

---

[1]The imposition of a suspended sentence to be served on probation is a downward departure sentence. See, e.g., State v. Brannum, 876 So. 2d 724, 725 n.1 (Fla. 5th DCA 2004) (providing a list of cases from various Florida courts stating that probationary terms in lieu of suspended prison sentences that are otherwise required by scoresheets constitute downward departures).