NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )        Case Nos. 2D14-267
                                     )                  2D14-268
NICOLAUS MORRIS,                     )
                                     )        CONSOLIDATED
            Appellee.                )
_____    )

Opinion filed July 8, 2015.

Appeals from the Circuit Court for
Hillsborough County; Thomas P. Barber,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Christina Zuccaro,
Assistant Attorney General, Tampa,
for Appellant.

Timothy R. Taylor of Timothy R. Taylor,
P.A., Tampa, for Appellee.


NORTHCUTT, Judge.

        The State appeals downward departure sentences imposed in two cases

following Nicolaus Morris's open pleas of guilty.  We reverse.

        Morris pleaded guilty to leaving the scene of an accident with injury and to

reckless driving causing serious bodily injury.  The scoresheet noted a prior

misdemeanor conviction for reckless driving, and it included points for both severe and

moderate victim injuries. The lowest permissible prison sentence indicated by the scoresheet was just under four years in prison (44.175 months). The prosecutor argued for a five-year prison term plus probation.

Morris, who was nineteen years old at the time of the offenses, sought youthful offender sentencing. The circuit court declined to consider that alternative. Instead, it imposed sentences of three years in prison, suspended the sentences, and placed Morris on two years of community control followed by three years' probation. When asked to state a basis for the downward departure, the court replied "lack of prior record."

A downward departure occurs when a prison sentence is indicated on a scoresheet but the court imposes a suspended prison term and probation. State v. Kutz, 157 So. 3d 380, 382 n.1 (Fla. 2d DCA 2015) (citing State v. Brannum, 876 So. 2d 724 (Fla. 5th DCA 2004)). Downward departure sentences are improper when based solely on factors that are already accounted for in the sentencing guidelines. State v. Sachs, 526 So. 2d 48, 50 (Fla. 1988). That is the case here.

> [T]he lack of prior convictions cannot be a basis for a downward departure. The sentencing guidelines are designed to reflect prior convictions by adding additional points and thereby increasing the length of the recommended sentence. A sentence which is recommended for a defendant without prior convictions is just that; it presupposes that he has never before been convicted of a crime. Hence, the absence of prior convictions cannot be a basis for departing under the recommended sentence.

Sanders v. State, 510 So. 2d 296, 297 (Fla. 1987). Although Sanders was decided prior to the advent of the current Criminal Punishment Code, a defendant's prior record continues to be factored into his permissible sentence under the Code. §§ 921.0021(5),

- 2 -

.0024, Fla. Stat. (2012). For this reason, Morris's departure sentence based on his minimal prior record was improper.

We reverse and remand for imposition of lawful sentences.


VILLANTI, C.J., and BLACK, J., Concur.