NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THOMAS J. PROFETTO,                    )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D14-3482
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed December 30, 2015.

Appeal from the Circuit Court for
Charlotte County; George C. Richards,
Judge.

Thomas J. Profetto, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        Thomas J. Profetto seeks review of the orders denying his motion for

postconviction relief which was filed pursuant to Florida Rule of Criminal Procedure

3.850. We affirm the denial of all claims with the exception of part of claim thirteen.

        In December 2009, Profetto was convicted of attempted first-degree

murder and sentenced to thirty-five years in prison with a twenty-year mandatory

minimum. At trial, the State presented evidence that Profetto, Jevon Gibson, and Tatijana Dimic formed a plan to rob another friend by ambushing him at a staged break-down of Dimic's automobile. The plan did not unfold as expected, however, and Profetto and Gibson ended up charging the victim's vehicle on foot while firing numerous shots at it. Dimic testified against Profetto in exchange for a sentence of three years in prison followed by twelve years of probation. Gibson did not testify at Profetto's trial, and the trial transcript does not reveal the outcome of Gibson's case.

In claim thirteen, Profetto asserted that trial counsel was ineffective when he failed to suggest a downward departure sentence and "to object to the unequal and lesser sentence of his equally culpable co-defendant at sentencing, who was subject to the same sentencing enhancement as Defendant." Profetto asserted that the trial court was under the erroneous impression that it could not depart downward on this basis. The postconviction court failed to address this portion of the claim.

We note that the trial court would not have been able to impose a sentence less than the mandatory minimum under the 10-20-Life statute. See State v. Bray, 174 So. 3d 488, 489 (Fla. 4th DCA 2015). However, the court could have departed downward from the thirty-five-year sentence based on a codefendant's lesser sentence if the two were equally culpable and there was not a great disparity in their criminal records. See Sanders v. State, 510 So. 2d 296, 298 (Fla. 1987); Marchetta v. State, 766 So. 2d 1126, 1126 (Fla. 2d DCA 2000).

Profetto's claim is facially insufficient insofar as it does not offer any specifics regarding the codefendant's charge, sentence, or prior criminal history. That said, Profetto is entitled to an opportunity to amend this facially insufficient claim. See

Spera v. State, 971 So. 2d 754, 761 (Fla. 2007).  Accordingly, we reverse the denial of this claim with directions for the court to afford Profetto leave to amend if he can do so in good faith.

Affirmed in part, reversed in part, and remanded.


ALTENBERND and SLEET, JJ., Concur.