EMAS, J.,
concurring.
I concur fully,' but write separately' to address more broadly one of the points made in the majority opinion.
The trial court imposed a downward departure sentence, concluding that the departure was necessary to achieve “sentencing parity” and to correct what the court perceived to be a “gross disparity” be-twéen Perez-Diaz’s guideline sentence and the negotiated sentence imposed on the co-defendant. I conclude that, given the circumstances of the instant case, this is not a permissible basis for a downward departure.
As the majority opinion notes, a trial court does have the discretion, under proper circumstances and an adequate showing, to match thé sentences of two defendants where the previously-sentenced co-defendant is at least equally as culpable as the defendant being sentenced. See, e.g., Sanders v. State, 510 So.2d 296, 298 (Fla.1987) (holding trial court, in determining proper sentence of a defendant, may validly consider co-defendant’s below-guideline' -sentence, where the co-defendant is “at least, if not more, culpable, than defendant”); State v. Fernandez, 927 So.2d 939 (Fla. 3d DCA 2006); Marsh v. State, 646 So.2d 33 (Fla. 3d DCA 1989).
However, Perez-Diaz asks this court to extend.the rationale of Sanders to a fundamentally different set of circumstances: even if the co-defendant was not “equally as culpable” as Perez-Diaz, the trial court can still validly impose a downward departure sentence upon Perez-Diaz because of the “gross disparity” in the sentences, given the proportionate (though unequal) culpability of the two defendants. In other words, Perez-Diaz appears to argue, even if he was more culpable than his co-defendant, the gross disparity between his minimum guidelines sentence and the negotiated sentence imposed on the less-culpable co-defendant does not fairly reflect the relative culpability of the two defendants, and the trial court should have the discretion to depart downward on Perez-Diaz’s sentence to produce a more equitable sentence.
Although there does not appear to be any case law in Florida on this precise issue, I conclude this is not a permissible basis for departure under our existing statutory sentencing scheme. .Section 921.0026, Florida Statutes (2013), entitled “Mitigating Circumstances,” is a part, of Florida’s Criminal Punishment Code. It establishes guidelines for imposing downward departure sentences, and provides a non-exhaustive list of circumstances under which a downward departure may lawfully be imposed. This section provides in pertinent part:
(1) A downward departure from the lowest permissible sentence, as calculated according to the total sentence points pursuant to s. 921.002k, is prohibited unless there are circumstances or factors that reasonably justify the downward departure. Mitigating factors to be considered include, but are not limited to, those listed in subsection (2). The imposition of a sentence below the lowest permissible sentence is subject to appellate review under chapter 924, *903 but the extent of downward departure is not subject, to appellate review.
§ 921.0026, Fla. Stat. (2013) (Emphasis added).
Because the statutory 'list of mitigating circumstances is expressly non-exhaustive, Florida courts have held that a basis for downward departure will be upheld if there is competent substantial evidence to support the stated basis, so long as the purported basis for departure is consistent with legislative sentencing policies and is not otherwise prohibited. State v. Hodges, 151 So.3d 531 (Fla. 3d DCA 2014); State v. Bowman, 123 So.3d 107 (Fla. 1st DCA 2013); State v. Knox, 990 So.2d 665 (Fla. 5th DCA 2008).
• I do not believe the-concept of correcting an alleged “gross disparity” in the sentences imposed upon co-defendants of unequal culpability can constitute a valid basis for departure under the Criminal Punishment Code. The reason is simple: the only way in which one can determine if this is a valid basis for. departure is by comparing the actual sentences imposed upon the two defendants. In other words, this basis for departure is premised on the contention that the downward departure sentence ameliorates the “gross disparity” and properly reflects the “relative culpability” of the co-defendants. But this can only be determined by reviewing the downward departure sentence ultimately imposed by the trial court. However, section 921.0026(1) expressly provides that “the extent of the downward departure is not subject to appellate review.” Because the statute prohibits appellate review of the extent of the downward departure, any purported basis for downward departure whose very validity requires a review of the extent of the departure is inconsistent with the legislative sentencing policies and cannot serve as a permissible basis for departure.,
If in fact the trial' court decided to impose a downward departure sentence on Perez-Diaz in order to correct the “gross disparity1’ in the defendants’ sentences (relative to their unequal culpability) and to achieve “sentencing parity,” an appellate court would necessarily have to consider the sentence imposed by the trial court upon Perez-Diaz (i.e., “the extent of the downward departure”). How else could an appellate court determine whether the basis for a downward departure was valid (i.e., achieving sentencing parity between co-defendants with admittedly different levels culpability)? ' Yet such review by an appellate court is expressly prohibited by section 921.0026(1).
If we were to permit such a concept to servé as a valid basis for downward departure, the only determination this court could make is to review the record to détermine that the co-defendants had rela-tivély different levels of culpability. But because we are prohibited from reviewing the extent of the downward departure itself, a trial court would be free to impose the exact same sentence on co-defendants of unequal culpability, and the State would not have the right, nor this court the authority, to review such a sentence.
By contrast, where the basis for departure is that a co-defendant who has already been sentenced was at least as equally culpable as the defendant, there is no need for the court to review the extent of the departure. Assuming that there is competent substantial evidence to establish that the defendants were equally culpable (or that the previously sentenced co-defendant was more culpable than the defendant) the trial court has the discretion to impose á sentence that “matches” the already sentenced co-defendant. Sanders, 510 So.2d at 298. There is no need, upon *904 appeal, for this court to review the ultimate sentence imposed on the defendant; our task is limited to determining whether the evidence supports the trial court’s determination of equal culpability. If this, requirement is met, the trial court may validly impose a downward departure sentence equal to (or less than) that imposed on the co-defendant, since the co-defendant was equally or more culpable than the defendant.
However, the rationale of Sanders is inapplicable to the circumstances of the instant case. The concept of correcting a perceived disparity in sentences of defendants with unequal culpability — the more amorphous concept of somehow adjusting the disparate sentences of co-defendants to more accurately reflect their relative (but unequal) levels of culpability — is incapable of review without actually considering the extent of the downward departure sentence imposed.
Take the instant case for example. It is clear that Perez-Diaz was significantly more culpable than his co-defendant. Perez-Diaz was the only one who brandished a machete; he was the only one who struck a victim of the robbery (Perez-Diaz actually struck two of the victims); and he was the only one who made direct threats to the victims in order to achieve the objective of the robbery. Given this clear and significant disparity in culpability between Perez-Diaz and his co-defendant, how can one say that Perez-Diaz’s minimum sentence under the guidelines (approximately 13 years) is “grossly disproportionate” to the below-guidelines sentence of a less culpable co-defendant?[2]
More to the point, even if such a finding could be made, how can this court determine whether the ultimate downward departure sentence imposed on Perez-Diaz achieves “sentencing parity” or corrects this “gross disparity” without actually reviewing the extent of Perez-Diaz’s downward departure sentence? If, as the statute provides, “the extent of the downward departure is not subject to appellate review,” then the trial court in this case, after making a finding that a downward departure was necessary to correct a gross disparity in sentences of co-defendants with unequal culpability, could have theoretically imposed the very same sentence it imposed on the co-defendant (or, presumably could impose an even lower sentence on the more-culpable defendant), and such a sentence would not be reviewable by this court under the express language of section 921.0026(1). But it would nonetheless be a patently improper sentence given the fact that the co-defendants were not equally culpable.
I therefore conclude that the concept of achieving “sentencing parity” or correcting a “gross disparity” in the sentence of a defendant who is more culpable than the previously-sentenced co-defendant is not a permissible basis for downward departure. The validity of such a purported basis necessarily requires a review of the extent of the downward departure. Because the review of the extent of the downward departure is prohibited under section 921.0026(1), this asserted basis for departure is incompatible with the legislative sentencing policies of the Criminal Punishment Code and is therefore impermissible.

. In addition to the fact that Perez-Diaz was the more culpable defendant, the downward departure sentence of co-defendant was the result of a negotiated plea by which the co-defendant agreed to cooperate in the continued prosecution of Perez-Diaz, providing additional reasons for any asserted "disparity” between the co-defendant’s downward departure sentence and Perez-Diaz's minimum guidelines sentence.